NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

Justin HOLLAND,

Plaintiff,

v.

NEW JERSEY RESOURCES
CORPORATION, et al.,

Defendants.

Civ. No. 12-07858

OPINION

THOMPSON, U.S.D.J.

This matter has come before the Court upon the motion of New Jersey Resources Corporation ("NJR") and its Board of Directors[1] (the "Board") (collectively, "Defendants") to dismiss the above-captioned matter pursuant to Federal Rule of Civil Procedure 12(b)(1). (Doc. No. 41). Plaintiff Justin Holland ("Plaintiff") has preliminarily opposed and filed a cross-motion to stay the litigation. (Doc. No. 44). The Court has decided the motions based upon the written submissions of the parties and without oral argument pursuant to Federal Rule of Civil Procedure 78(b). For the reasons included herein, the Court will grant Defendants' motion to dismiss and deny Plaintiff's cross-motion to stay the litigation.

BACKGROUND[2]

As this Opinion is issued solely for the benefit of the parties, the factual background of

---

[1] The Board Members named as Defendants in this case are: Laurence M. Downes, Lawrence R. Codey, Robert B. Evans, Alfred C. Koeppe, Sharon C. Taylor, Jane M. Kenny, David A. Trice, Donald L. Correll, M. William Howard, JR., J. Terry Strange, and George R. Zoffinger.

[2] Because the current motion to dismiss as moot is a factual attack on jurisdiction, *see, e.g., Gordon v. East Goshan Twp.*, 592 F. Supp. 2d 828, 837 (E.D. Pa. 2009), the Court is not restricted to the content of the Amended Complaint or the documents incorporated therein, *Gould Electronics Inc. v. United States*, 220 F.3d 169, 178 (3d Cir. 2000) *holding modified by Simon v. United States*, 341 F.3d 193 (3d Cir. 2003) ("[I]n a factual attack under Rule 12(b)(1), the court may consider and weigh evidence outside the pleadings to determine if it has jurisdiction."). Thus, the factual summary on which this Opinion relies includes references to certified and authenticated materials presented outside of the pleadings.

this case is only briefly summarized here.

In December 2012, Plaintiff, an NJR shareholder, filed and subsequently amended a putative class action asserting claims that Defendants had breached their fiduciary duty and violated certain provisions of the Securities Exchange Act of 1934.  Specifically, Plaintiff alleged that NJR's 2013 Proxy Statement on Schedule 14A (the "2013 Proxy Statement"), to be presented at the 2013 Annual Meeting of NJR shareholders (the "2013 Annual Meeting"), contained materially false and misleading statements with respect to certain disclosures concerning § 162(m) of the Internal Revenue Code, and the tax deductibility of executive compensation in excess of $1 million.  (Doc. No. 6, Amd. Compl., ¶¶ 7, 9).  Although the 2013 Proxy Statement implied that NJR could take a tax deduction for certain executive compensation in excess of $1 million, such deduction was precluded by Defendants' failure to secure re-approval of a 2007 Compensation Plan, a prerequisite to deductibility.  (Doc. No. 6, Amd. Compl., ¶¶ 4-7).

In Count I of the Amended Complaint, Plaintiff asserted that the Individual Defendants had breached their fiduciary duty to be candid with NJR's shareholders by filing the materially false and misleading 2013 Proxy Statement.  In Count II, Plaintiff asserted that the 2013 Proxy Statement contained false and misleading statements in violation of the Securities Exchange Act of 1934 and Rule 14a-9 promulgated thereunder, and that such statements would deprive Plaintiff of his entitlement to cast a fully informed vote if left uncorrected.  Finally, with respect to relief, Plaintiff demanded that the Court (1) declare the action to be a class action, certify Plaintiff as Class representative, and certify Plaintiff's counsel as Class counsel; (2) enjoin, preliminarily and permanently, the 2013 Annual Meeting until Defendants either (a) amended the 2013 Proxy Statement to remedy the alleged material misrepresentations and omissions

therein or (b) sought shareholder re-approval of the 2007 Compensation Plan at the 2013 Annual Meeting; (3) award Plaintiff the costs of the action, including a reasonable allowance for the fees and expenses of Plaintiff's attorneys and experts; and (4) grant Plaintiff and the other members of the Class such further relief as the Court deemed just and proper.  (Doc. No. 6, Amd. Compl.).

Concurrent with the filing of the Amended Complaint, Plaintiff filed a motion to preliminarily enjoin the 2013 Annual Meeting until Defendants either cured the alleged omissions and false and misleading statements in the 2013 Proxy Statement, or added a proposal to the Meeting agenda regarding re-approval of the 2007 Compensation Plan.  (Doc. No. 7, ¶ 9).

In January 2013, NJR responded to Plaintiff's Amended Complaint and preliminary injunction motion by preparing a Supplement to the 2013 Proxy Statement (the "Supplemental Proxy Statement"), which explained the Board's intention to seek shareholder re-approval of the 2007 Compensation Plan at the 2013 Annual Meeting.  (Doc. No. 16, Att. 2, Marino Cert. in support of Motion to Enforce Settlement, ¶¶ 5-6).  Plaintiff's counsel reviewed and approved the Supplemental Proxy Statement, and withdrew Plaintiff's preliminary injunction motion.  (Doc. No. 19, Att. 6, Ex. 5, 2, 1/9/13, 11:31 p.m. Holleman email to Marino; Doc. Nos. 12, 13, Letters from Plaintiff's Counsel).  Thereafter, the 2007 Compensation Plan was in fact approved by the shareholders at the 2013 Annual Meeting, curing the alleged defect in the 2013 Proxy Statement and giving NJR the option of taking a tax deduction for executive incentive compensation in excess of $1 million.  (Doc. No. 42, Att. 2, Marino Cert. in support of Motion to Dismiss, Ex. F). Afterward, Defendants moved to enforce a purported settlement, (Doc. No. 16), which motion was subsequently denied, (Doc. Nos. 38, 39).

On or about July 11, 2013, Defendants filed a motion to dismiss on grounds that the case or controversy had been rendered moot by Defendants' actions, and that, as such, the Court now

3

lacks subject matter jurisdiction over the remaining matter pursuant to Federal Rule of Civil Procedure 12(b)(1). (Doc. No. 41). Plaintiff requested, (Doc. No. 42), and was granted, (Doc. No. 43), an extension of time in which to file a response, moving the deadline for his opposition papers to August 5, 2013.

On August 2, one business day prior to the August 5 deadline, Plaintiff, in conformity with New Jersey Statute 14A:3-6.3, filed a demand letter with the Board on behalf of NJR ("the Demand"), demanding that the Board investigate and remedy breaches of fiduciary duty with respect to NJR and in connection with the facts and circumstances alleged in the Amended Complaint. (Doc. No. 44, Att. 2, Korsinsky Cert., ¶ 4 and Ex. A). The Demand also contains Plaintiff's insistence that the Board adopt and implement corporate governance reforms to prevent the recurrence of the alleged misconduct and harm. Pursuant to New Jersey law, the Board has 90 days in which to respond before Plaintiff may file a derivative action in this Court. N.J.S. 14A:3-6.3.

On August 5, 2013, Plaintiff filed a "preliminary" opposition to Defendants' motion and a cross-motion to stay the litigation until such time as the Demand is fully resolved. (Doc. No. 44). In the event the Court grants the stay, Plaintiff has additionally requested 20 days from the time the stay is lifted either to seek leave to amend Plaintiff's Amended Complaint to add derivative claims on behalf of NJR, or to further respond to Defendants' motion to dismiss. (Doc. No. 44). Defendants have opposed the cross-motion. (Doc. No. 45).

## DISCUSSION

In considering the pending motions, the Court will first address Defendants' contention that the present matter is moot, before turning to the question of whether a stay is justified in this instance.

4

1. **Motion to Dismiss Pursuant to Federal Rule of Civil Procedure 12(b)(1)**

"Dismissal pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure is appropriate when the District Court lacks jurisdiction over the subject matter of the case." *Goodman v. People's Bank*, 209 Fed. App'x 111, 113 (3d Cir. 2006) (citing Fed. R. Civ. P. 12(b)(1)). To remain within the jurisdictional purview of the Court, an actual controversy *must* exist "at all stages of review, not merely at the time the complaint is filed." *Genesis Healthcare Corp. v. Symczyk*, 133 S.Ct. 1523, 1528 (2013). Where a plaintiff can no longer "demonstrate that he possesses a legally cognizable, or 'personal stake,' in the outcome of the action," the relevant claims become moot. *Id.*

Mootness arises where "changes in circumstances that prevailed at the beginning of the litigation . . . [have] forestalled any occasion for meaningful relief." *Int'l Broth. of Boilermakers, Iron Ship Builders, Blacksmiths, Forgers and Helpers v. Kelly*, 815 F.2d 912, 915 (3d Cir. 1987). Indeed, the lack of available relief is one indicator that there may no longer be "a continuing controversy between parties with cognizable interests in the outcome." *Id.* at 915-16. "[A]n offer for the entirety of a plaintiff's claim will generally moot the claim." *Goodman*, 209 Fed. App'x at 113 (quoting *Weiss v. Regal Collections*, 385 F.3d 337, 342 (3d Cir. 2004) (internal quotations omitted)). Because mootness necessarily means there is no continuing controversy between the parties, its finding removes the case from the subject matter jurisdiction of the Court.

Upon consideration of the arguments and the evidence, the Court agrees with Defendants that the current controversy is moot and otherwise should be dismissed. A careful reading of the Amended Complaint reveals that Plaintiff asked for a limited range of relief based upon a limited assertion of wrongdoing: namely, the presentation of a false and misleading 2013 Proxy

Statement to the shareholders at the 2013 Annual Meeting. As Defendants made the necessary changes to the 2013 Proxy Statement and took appropriate action at the 2013 Annual Meeting, the controversy at the center of this case has indeed been removed. Even Plaintiff, in his cross-motion to stay the litigation and in his response to Defendants' motion, does not contest Defendants' assertions that the claims in the Amended Complaint are no longer live. Instead, Plaintiff bases his arguments against mootness on his possible future derivative claims.

In terms of any remaining relief, the only residual matters concern class certification and fees. With respect to Plaintiff's demand for class certification, such demand does not preclude dismissal of the action on grounds of mootness. *Weiss*, 383 F.3d at 342 (observing that dismissal is permissible where a claim is rendered moot prior to a motion for class certification). With respect to the award of attorney's fees, the Court will, as noted by the parties, retain ancillary jurisdiction separate from the dismissal of this action.

### 2. Cross-Motion to Stay the Litigation

Having determined that the Amended Complaint, in its current state, is moot, the question remains whether or not the Court should grant Plaintiff's motion to stay the litigation until such time as Plaintiff may be able to further amend the complaint. Specifically, Plaintiff wishes to reserve the option of amending his complaint to add derivative claims on behalf of NJR. Plaintiff is currently stymied in his amendment efforts by (1) New Jersey law requiring that the Board be permitted 90 days in which to review Plaintiff's Demand; and (2) Plaintiff's failure to file such demand until August 2, 2013, eight months after initially filing suit and one business day before Plaintiff's opposition papers were due.

In considering this motion to stay, the Court is aware that it has the inherent power to control the disposition of the cases on its docket. *Bechtel Corp. v. Local 215, Laborers' Int'l*

*Union*, 544 F.2d 1207, 1215 (3d Cir. 1976).  Incidental to this power is the ability to stay proceedings, an extraordinary, disfavored remedy which requires the "exercise of judgment" and involves "weigh[ing] competing interests and maintain[ing] an even balance." *See id.* (quoting *Landis v. N. Am. Co.,* 299 U.S. 248, 254-55 (1936)); *Forrest v. Corzine*, 757 F. Supp. 2d 473, 476 (D.N.J. 2010) (citing *Landis*, 299 U.S. at 254; *U.S. v. Kordel,* 397 U.S. 1, 12 n. 27 (1970)).

In seeking a stay, the moving party "bears the burden of proof . . . . and 'must make out a clear case of hardship or inequity in being required to go forward[.]'" *Hicks v. Swanhart*, CIV.A. 12-1633 FLW, 2012 WL 6152901 (D.N.J. Dec. 10, 2012) (quoting *Landis,* 299 U.S. at 255).  There must be a "clear countervailing interest to abridge a party's right to litigate." *CTF Hotel Holdings, Inc. v. Marriott Int'l, Inc.,* 381 F.3d 131, 139 (D.N.J. 2004).  The Court, in turn, must consider "(1) whether a stay will simplify issues and promote judicial economy; (2) the balance of harm to the parties; and (3) the length of the requested stay." *Hicks*, 2012 WL 6152901 (quoting *Smithkline Beecham Corp. v. Apotex Corp.,* 2004 WL 1615307 (E.D. Pa. July 16, 2004)).

Aside from highlighting the Third Circuit's preference for permitting amendment in the face of dismissal, Plaintiff makes several arguments that a stay in this case will promote judicial economy and streamline issues before the Court.  A stay, according to Plaintiff, would beneficially preserve the *status quo* until such time as it is clear whether the Board will satisfactorily address Plaintiff's Demand.  Plaintiff further assures the Court that there is no immediate danger of loss of evidence, witnesses, or the imposition of additional costs, and that because the stay would be of purportedly short duration, the stay would be unlikely to have an inequitable effect on either party.  On the other hand, Plaintiff contends that denial of the stay and dismissal of this action may result in additional litigation expenses to bring a new derivative

7

suit, and may incite wasteful and unnecessary litigation over possible preclusion issues stemming from dismissal of the present action.

Upon review of the arguments and the case law, the Court does not find that a stay in this action would simplify the issues or promote judicial economy, and further does not conclude that Plaintiff has demonstrated a clear case of hardship or inequity should the stay be denied.

To start, a stay of the present litigation in order to convert the action into a derivative suit would, far from simplifying or eliminating claims, unnecessarily preserve this action against NJR and the Board with the eventual goal of rearranging the parties, claims, and purpose of the litigation.[3] Moreover, Plaintiff's potential derivative claims may be rendered moot prior to amendment, should the Board effectively address Plaintiff's Demand. In light of the Board's previous behavior to rectify any shortcomings in the 2013 Proxy Statement, the Court does not find it so unreasonable that the Board may again be diligent in correcting any lapse in behavior, rendering the prolongation of this matter meaningless. Indeed, the Board's mere instigation of an inquiry into the Demand could result in a further stay of the proceedings. *See* N.J.S. 14A:3-6.4 ("If the corporation commences an inquiry into the allegations made in the demand or complaint, the court may stay any derivative proceedings as the court deems appropriate.").

Finally, the Court does not find Plaintiff's claims of hardship or inconvenience sufficient to overcome the Defendants' interests in the swift and fair adjudication of their case. Plaintiff will still have avenues to address potential derivative claims, either by petitioning to reopen this case or by bringing an entirely new action. Admittedly, Plaintiff may, in that instance, incur

---

[3] Currently, the matter is framed as a putative class action brought against NJR and the Board on behalf of shareholder interests. In order to prevent dismissal of the action, however, Plaintiff wishes to convert the matter into a derivative suit brought on behalf of NJR itself. While there is nothing inherently inappropriate in bringing a shareholder class action and a derivative suit concurrently, this does not sway the Court's decision where, as here, Plaintiff has delayed in adding derivative claims until *after* the shareholder class action has been mooted.

some additional expense, but the Court is not persuaded that this warrants a different outcome, particularly in view of Plaintiff's own responsibility for the current procedural posture of this litigation. Plaintiff has been aware for months that the claims in his Amended Complaint were likely to be moot. He could have long ago proceeded with a derivative suit where he believed there to exist some further shortcoming and injury to NJR. His failure to take action, and the uncertainty of any possible future claims, should not result in punishment to Defendants, who deserve the efficient and judicious administration of their case.

## CONCLUSION

For the foregoing reasons, the Court grants Defendants' motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(1), (Doc. No. 41), and denies Plaintiff's cross-motion to stay the matter pending review of the Demand by the Board, (Doc. No. 44). An appropriate Order accompanies this Opinion.

/s/Anne E. Thompson
ANNE E. THOMPSON, U.S.D.J.

Dated:   September 5, 2013