UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| **JUSTIN HOLLAND, individually and on behalf of all others similarly situated,**<br><br>        **Plaintiff,**<br><br>   **v.**<br><br>**NEW JERSEY RESOURCES CORPORATION, LAURENCE M. DOWNES, LAWRENCE R. CODEY, ROBERT B. EVANS, ALFRED C. KOEPPE, SHARON C. TAYLOR, JANE M. KENNY, DAVID A. TRICE, DONALD L. CORRELL, M. WILLAM HOWARD, JR., J. TERRY STRANGE, and GEORGE R. ZOFFINGER,**<br><br>        **Defendants.** | **Case No. 3:12-cv-07858-PGS-LHG** |

## STIPULATION AND AGREEMENT OF SETTLEMENT

Subject to the approval of the Court, and pursuant to Federal Rule of Civil Procedure 23.1(c), this Stipulation and Agreement of Settlement (the "Stipulation"), dated this 25th day of November, 2013, is made and entered into by and among the Parties, Plaintiff, Justin Holland ("Plaintiff"), on behalf of himself and derivatively on behalf of New Jersey Resources Corporation ("NJR" or the "Company") and all NJR shareholders, through his attorneys, Levi & Korsinsky, LLP (Michael H. Rosner, Esq., appearing); and Defendants, NJR and individuals Laurence M. Downes, Lawrence R. Codey, Robert B. Evans, Alfred C. Koeppe, Sharon C. Taylor, Jane M. Kenny, David A. Trice, Donald L. Correll, M. William Howard, Jr., J. Terry Strange and George R. Zoffinger (the "Individual Defendants" and, together with NJR, "Defendants"), through their attorneys, Marino, Tortorella & Boyle, P.C. (Kevin H. Marino,

Esq., appearing), Plaintiff and Defendants being collectively referred to herein as the "Parties." This Stipulation is intended by the Parties to fully, finally, and forever compromise, resolve, discharge, and settle the Plaintiff's Released Claims (as defined herein) on the terms and subject to the conditions set forth herein.

**HISTORY OF THE LITIGATION**

A.      On December 12, 2012, NJR filed its 2013 Proxy Statement in connection with the Company's upcoming 2013 Annual Meeting.

B.      On December 26, 2012, Plaintiff filed a class-action complaint (the "Complaint") against the Defendants, alleging that the 2013 Proxy Statement was false and misleading, in violation of state and federal law, for, *inter alia*, failing to disclose the Company's inability to obtain a tax deduction for certain executive compensation paid under its 2007 Stock Award and Incentive Plan (the "Plan").

C.      Plaintiff filed an amended complaint on December 31, 2012 based on these same allegations (the "Amended Complaint" and, together with the Complaint, the "Class Action," as further defined herein).

D.      Also on December 31, 2012, Plaintiff filed a Motion for Preliminary Injunction and brief in support with respect to the Company's upcoming Annual Meeting and the disclosures made to the Company's shareholders in the Proxy Statement in connection therewith.

E.      On January 11, 2013, NJR filed a Supplemental Proxy Statement informing NJR shareholders that, *inter alia*, at the Company's upcoming Annual Meeting, the Board of Directors of NJR (the "Board") would recommend a proposal seeking shareholder re-approval of the material terms of the performance goals under the Plan pursuant to Section 162(m) of the Internal Revenue Code (the "Performance Goals").

2

F.      The parties thereafter engaged in motion practice, and the Court held two hearings, regarding whether the parties had settled the Class Action, with the Court ultimately denying Defendants' motion to enforce in a Memorandum Opinion dated June 27, 2013.

G.      At NJR's Annual Meeting held on January 23, 2013, NJR's shareholders re-approved the Performance Goals.

H.      On July 11, 2013, Defendants moved to dismiss the Class Action on the ground that NJR's issuance of the Supplemental Proxy Statement and its shareholders' re-approval of the Performance Goals at the 2013 Annual Meeting rendered the Class Action moot.

I.      On August 2, 2013, Plaintiff issued a demand (the "Demand") upon the Board pursuant to N.J.S.A. 14A:3-6.3, seeking an investigation, action against responsible persons, and corporate governance measures to prevent the reoccurrence of the Company's failure to obtain shareholder re-approval of the Performance Goals.  A true and exact copy of the Demand is annexed to this Stipulation as Exhibit A.

J.      By Opinion and Order dated September 5, 2013, the Court granted the Defendants' motion and dismissed the Class Action as moot.

K.      On September 17, 2013, in response to the Demand, a Special Litigation Committee of the Board (the "SLC"), comprising Board members who were not members of its Leadership Development and Compensation Committee ("LDCC") at the time of the events underlying the Demand, was established and commenced a review of the circumstances and processes which led to the Company's failure to timely seek shareholder re-approval of the Performance Goals.

L.      Defendants aver that on October 22, 2013, on the recommendation of the SLC, the Board concluded that the maintenance of a suit on behalf of NJR was not in the best interests

3

of the Company. Defendants also aver that the Board further found that: (i) the Company's failure to timely seek shareholder re-approval of the Performance Goals was an oversight, and not the result of any intentional conduct; (ii) the Company immediately sought and obtained shareholder re-approval of the Performance Goals; and (iii) the LDCC's adopting of additional corporate governance measures would be sufficient to ensure that the failure to timely seek shareholder re-approval of the Performance Goals would not recur.

M.      Plaintiff and Plaintiff's Counsel maintain that the Action is meritorious but recognize and acknowledge the expense and length of time that would be required to prosecute a derivative action, based on the allegations of the Demand, through preliminary motions, trial and appeal. Plaintiff's Counsel has also taken into account the Board's asserted conclusions set forth in Paragraph L of this Stipulation as well as the difficulties, uncertain outcomes, risks and delays inherent in litigating a derivative action. Plaintiff's Counsel concurs in the Board's asserted conclusion that the LDCC's adopting of the additional corporate governance measures referred to in Paragraph L will be sufficient to ensure that the failure to timely seek shareholder re-approval of the Performance Goals will not recur.

N.      The Defendants have denied and continue to deny each of the claims and contentions alleged by the Plaintiff in the Action (as defined herein) and all other allegations of wrongdoing or liability arising from any conduct, statements, acts or omissions alleged, or that could have been alleged, in the Action. This Stipulation and all related documents are not, and shall not in any event be construed or deemed to be, evidence of fault or liability or wrongdoing or damage whatsoever, or any infirmity in Defendants' defenses.

4

NOW, THEREFORE, without any admission or concession by Plaintiff that the Action lacks merit; and without any admission or concession by Defendants that the Action has merit or that they engaged in or are liable for any wrongdoing of any kind,

IT IS HEREBY STIPULATED AND AGREED, by and between the Parties, through their respective counsel, that, subject to the approval of the Court pursuant to Rule 23.1 of the Federal Rules of Civil Procedure, in consideration of the mutual agreements and benefits flowing to the Parties from the Settlement set forth herein, Plaintiff's Released Claims shall be finally and fully compromised, settled and released, the Class Action shall be dismissed with prejudice, and no derivative action will be pursued with respect to Plaintiff's Released Claims, upon and subject to the following terms and conditions:

**1.     Definitions**

As used in this Stipulation, the following terms have the meanings specified below:

1.1     "2007 Stock Award and Incentive Plan" shall have the same meaning ascribed to it in the 2013 Proxy Statement.

1.2     "2013 Proxy Statement" means the Proxy Statement filed by NJR with the Securities and Exchange Commission on December 12, 2012.

1.3     "Action" means any and all claims that have been or could have been asserted in the Class Action, the Demand, and any derivative action relating to or arising from the Demand.

1.4     "Board" means the NJR Board of Directors.

1.5     "Class Action" means the above-captioned action filed by Plaintiff on December 26, 2012, and encompasses the claims and allegations asserted in the Complaint and Amended Complaint.

1.6     "Defendants" means collectively, the Individual Defendants and NJR.

1.7    "Defendants' Counsel" means Marino, Tortorella, & Boyle, P.C., 437 Southern Boulevard, Chatham, New Jersey 07928.

1.8    "Defendants' Released Claims" means, collectively, all actions, suits, claims, demands, rights, liabilities, and causes of action of every nature and description whatsoever, including both known claims and Unknown Claims, asserted or that might have been asserted in any forum by Defendants' Released Persons against Plaintiff's Released Persons, which arise out of, are based on, or relate in any way, directly or indirectly, to the institution, prosecution, or settlement of the Action (except for claims to enforce the Settlement).

1.9    "Defendants' Released Persons" means each of the Defendants and, to the maximum extent permitted by law, each of Defendants' immediate family members, spouses, heirs, executors, estates, administrators, trustees, agents, and any trusts in which Defendants, or any of them, are settlors, or which are for the benefit of any Defendants and/or members of his or her immediate family; any entity in which a Defendant, and/or members of his or her family has a controlling interest; each of the Defendants' present and former attorneys, legal representatives, and assigns; Defendants' insurers; and all present and former directors and officers, agents, advisors, employees, affiliates, predecessors, successors, parents, subsidiaries, and divisions of Defendants.

1.10    "Demand" means the Demand, dated August 2, 2013, issued by Plaintiff to the Board.

1.11    "Effective Date" means the first date by which all of the events and conditions specified in ¶ 6.1 herein have been met and have occurred.

1.12    "Execution Date" means the date this Stipulation has been signed by all the signatories through their respective counsel.

6

1.13 "Fee Award" means the terms of the agreed-upon sum to be paid to Plaintiff's Counsel for its attorneys' fees and expenses, detailed in ¶¶ 5.1-5.2, subject to Court approval, in recognition of the substantial benefits conferred upon NJR and the NJR Shareholders by the filing, prosecution, and settlement of the Action.

1.14 "Final" means the time when a judgment that has not been reversed, vacated, or modified in any way is no longer subject to appellate review, either because of disposition on appeal and conclusion of the appellate process or because of passage, without action, of time for seeking appellate review. More specifically, it is that situation when (1) either no appeal has been filed and the time has passed for any notice of appeal to be timely filed in the Action; or (2) an appeal has been filed and the court of appeals has either affirmed the judgment or dismissed that appeal and the time for any reconsideration or further appellate review has passed; or (3) a higher court has granted further appellate review and that court has either affirmed the underlying judgment or affirmed the court of appeals' decision affirming the judgment or dismissing the appeal.

1.15 "Final Order and Judgment" means the order and judgment to be rendered by the Court, substantially in the form attached hereto as Exhibit D.

1.16 "LDCC" means the Leadership Development and Compensation Committee of the Board which is the Committee responsible for, among other things, the oversight of NJR's executive compensation practices, compensation and benefits programs for employees including, but not limited to, awards of equity interests and the review of performance, development and succession programs and plans for senior management.

1.17 "NJR" or the "Company" means New Jersey Resources Corporation, its Board and each committee of the Board, including the LDCC (as defined in paragraph 1.16 herein), and

7

includes all of its subsidiaries, predecessors, successors, affiliates, officers, directors, employees, and agents.

1.18 "NJR Shareholders" means, for purposes of this Stipulation, any Persons (defined below) who owned NJR common stock as of the Execution Date of this Stipulation and who continue to hold their NJR common stock as of the date of the Settlement Hearing, excluding the Individual Defendants, the officers and directors of NJR, members of their immediate families, and their legal representatives, heirs, successors, or assigns, and any entity in which Individual Defendants have or had a controlling interest.

1.19 "Individual Defendants" means, collectively, Laurence M. Downes, Lawrence R. Codey, Robert B. Evans, Alfred C. Koeppe, Sharon C. Taylor, Jane M. Kenny, David A. Trice, Donald L. Correll, M. William Howard, Jr., J. Terry Strange and George R. Zoffinger.

1.20 "Notice to NJR Shareholders" means the Notice of Pendency and Proposed Settlement of Shareholder Action, substantially in the form of Exhibit B attached hereto.

1.21 "Parties" means, collectively, Plaintiff (on behalf of himself and derivatively on behalf of NJR shareholders), each of the Individual Defendants, and NJR.

1.22 "Person" or "Persons" means an individual, corporation, limited liability corporation, professional corporation, partnership, limited partnership, limited liability partnership, association, joint stock company, estate, legal representative, trust, unincorporated association, government or any political subdivision or agency thereof, and any business or legal entity, and their spouses, heirs, predecessors, successors, administrators, representatives, insurers or assignees.

1.23 "Plaintiff" means Justin Holland, on behalf of himself and derivatively on behalf of NJR and NJR Shareholders.

8

1.24 "Plaintiff's Counsel" means Levi & Korsinsky LLP, 30 Broad Street, 24th Floor, New York, New York, 10004.

1.25 "Plaintiff's Released Claims" means all actions, suits, claims, demands, rights, liabilities, and causes of action of any kind or nature whatsoever, including both known claims or Unknown Claims (as defined in paragraph 1.33 hereof), that were or could have been asserted in any court, tribunal, proceeding or other forum by Plaintiff's Released Persons or any other NJR shareholder or other Person directly against the Defendants' Released Persons, or derivatively on behalf of NJR and NJR Shareholders, against Defendants' Released Persons, that were or could have been alleged in the Action, including but not limited to any action or omission by the Defendants with respect to the tax-deductibility of compensation paid under the Plan, and the allegations, facts, events, transactions, acts, occurrences, statements, representations, acts or failures to act which were alleged or could have been alleged in the Action, including, without limitation, claims for negligence, gross negligence, breach of duty of care and/or breach of duty of loyalty, fraud, constructive fraud, self-dealing, misrepresentation (whether intentional, negligent or innocent), omission (whether intentional, negligent or innocent), suppression (whether intentional, negligent or innocent), mismanagement, gross mismanagement, breach of contract, breach of fiduciary duty or violations of any state or federal statutes, rules or regulations or any other source of legal or equitable obligation of any kind or description in whatever forum or any other matter, thing or cause whatsoever, or any series thereof, embraced by, involved with, referred to, set forth in or otherwise related to the Action (except for claims to enforce the Settlement).

1.26 "Plaintiff's Released Persons" means Plaintiff, Plaintiff's Counsel, and each of Plaintiff's immediate family members, spouses, heirs, executors, administrators, successors,

9

trustees, attorneys, personal or legal representatives, advisors, estates, assigns, and agents
thereof.

1.27   "Preliminary Approval Order" means the order to be entered by the Court,
substantially in the form of Exhibit C attached hereto, including, *inter alia*, preliminarily
approving the terms and conditions of the Settlement as set forth in this Stipulation, directing that
Notice be provided to NJR Shareholders and scheduling a Settlement Hearing to consider
whether this Stipulation and Fee Award should be finally approved.

1.28   "Released Parties" means Defendants' Released Persons and Plaintiff's Released
Persons.

1.29   "Settlement" means the settlement documented in this Stipulation, including the
Fee Award.

1.30   "Settlement Hearing" means a hearing by the Court to review this Stipulation and
determine: (i) whether to enter the Final Order and Judgment; and (ii) all other matters properly
before the Court.

1.31   "Stipulation" means this Stipulation and Agreement of Settlement.

1.32   "Supplemental Proxy Statement" means the Proxy Statement filed by NJR with
the Securities and Exchange Commission on January 11, 2013.

1.33   "Unknown Claims" means any of Plaintiff's Released Claims and Defendants'
Released Claims that any Party does not know of or suspect exists in his, her, or its favor at the
time of the Settlement, including, without limitation, those claims which, if known, might have
affected the decision to enter into, or not object to, the Settlement. The Parties expressly waive,
relinquish, and release any and all provisions, rights, and benefits conferred by or under
California Civil Code Section 1542 ("§ 1542") or any other law of the United States or any state

10

or territory of the United States, or principle of common law, which is similar, comparable, or equivalent to § 1542, which provides:

A general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the release, which if known by him or her must have materially affected his or her settlement with the debtor.

The Parties acknowledge that they may discover facts in addition to or different from those now known or believed to be true by them, with respect to Plaintiff's Released Claims and Defendants' Released Claims in the Settlement, as the case may be, but it is the intention of the Parties to completely, fully, finally, and forever compromise, settle, release, discharge, and extinguish any and all Plaintiff's Released Claims and Defendants' Released Claims known or unknown, suspected or unsuspected, disclosed or undisclosed, hidden or concealed, matured or un-matured, contingent or absolute, accrued or unaccrued, apparent or unapparent, which exist, or heretofore existed, or may hereafter exist, and without regard to the subsequent discovery of additional or different facts.

## 2. Terms of the Settlement

2.1     As a result, in substantial part, of the filing and prosecution of the Action: the Board caused the issuance of the Supplemental Proxy Statement, which informed NJR shareholders that the Board would recommend that they vote to re-approve the Performance Goals at the Company's 2013 Annual Meeting, and put the issue of shareholder re-approval of the Performance Goals up for vote with CEO Laurence Downes's awards put at risk of forfeiture. In addition, as a result of the Demand on the Board, the Board, through the SLC, conducted an investigation; and, pursuant to the settlement of the Action, is instituting corporate governance measures sufficient to ensure that the failure to timely seek shareholder re-approval of the Performance Goals will not recur.

11

2.2      The Parties agree that the efforts of Plaintiff and Plaintiff's Counsel in prosecuting and settling the Action, including the resulting actions and measures noted in the foregoing, have substantially benefitted and will in the future substantially benefit NJR and its shareholders.  The Board, on the recommendation of the SLC and in the exercise of its independent business judgment, believes that the Settlement is in the best interests of NJR and NJR Shareholders.

2.3      Plaintiff will not request documents relating to the Demand and NJR's assessment thereof and, moreover, Plaintiff does not intend, and relinquishes any and all right, to seek or demand additional information relating to the issues raised in, relating to, and underlying the Demand, including through the issuance of discovery requests in any proceeding, requests for the examination or production of corporate books and records, or by any other means of demanding or requesting the production of documents or information.

2.4      Upon execution of the Stipulation, the Parties agree and intend to receive and provide the other releases of the claims embraced by, involved with, referred to, set forth in or otherwise related to the Action as described in paragraphs 3.4, 4.1, 4.2 and 4.3 below.

**3.      Procedure for Implementing the Settlement**

3.1      Within five (5) business days after the Execution Date of this Stipulation, the Parties shall submit this Stipulation together with its exhibits to the Court and shall jointly apply for entry of the Preliminary Approval Order, substantially in the form of Exhibit C attached hereto, requesting, *inter alia*: (i) preliminary approval of the Settlement set forth in this Stipulation; (ii) approval of the method of providing notice of pendency and proposed Settlement to NJR Shareholders; (iii) approval of the form of Notice attached hereto as Exhibit B; and (iv) a date for the Settlement Hearing.

12

3.2     Unless the Court orders otherwise, within ten (10) business days of the Court's entry of the Preliminary Approval Order, NJR shall cause a copy of the Notice to be filed with the SEC via a Current Report on Form 8-K and shall post the Notice on NJR's website at www.njresources.com through the Effective Date. All costs of such Notice and posting shall be paid by NJR. The Notice also shall be available for viewing on the website of Levi & Korsinsky LLP at www.zlk.com no later than ten (10) business days after entry of the Preliminary Approval Order. The Parties believe the content and manner of such procedure constitutes adequate and reasonable notice to NJR Shareholders pursuant to applicable law. Should the Court direct any additional and/or different notice procedure to be done (including, for example but not limitation, a mailing), NJR agrees to comply with the Court's direction and pay all costs of such Notice and dissemination.

3.3     The Parties shall jointly request that the Court hold the Settlement Hearing, after notice as described above is given to NJR Shareholders, to finally approve the Settlement including the agreed-to Fee Award. At the Settlement Hearing, the Parties shall jointly request the Court's final approval of the Fee Award, as further discussed in Section 5 below.

3.4     If the Court approves the Settlement at the Settlement Hearing, the Parties will jointly request entry of the Final Order and Judgment by the Court, the entry of which is a condition of this Stipulation: (i) approving finally the Settlement (which includes the Fee Award) set forth in this Stipulation as fair, adequate, and reasonable, and directing its consummation pursuant to its terms; (ii) dismissing with prejudice all of Plaintiff's Released Claims against Defendants' Released Persons; (iii) permanently barring and enjoining the institution and prosecution by Plaintiff's Released Persons and anyone acting on behalf of NJR against Defendants' Released Persons in any court or other dispute resolution forum asserting any of

13

Plaintiff's Released Claims and any claims arising out of, relating to or in connection with the institution, prosecution, assertion, defense, settlement, or resolution of the Action; (iv) permanently barring and enjoining the institution and prosecution by Defendants' Released Persons and/or NJR Shareholders of any action against Plaintiff's Released Persons in any court or other dispute resolution forum asserting any of the Defendants' Released Claims arising out of, relating to, or in connection with the institution, prosecution, assertion, defense, settlement, or resolution of the Action; and (v) containing such other and further provisions consistent with the terms of this Stipulation to which the Parties hereto consent in writing.

3.5     If the Court approves the Settlement at the Settlement Hearing, within five (5) business days thereafter, Plaintiff shall (i) cause the Demand to be withdrawn with prejudice (if the Demand has not been resolved by the Board as of that date) or (ii) provide written notice to the Board that the Demand has been fully and satisfactorily resolved by the Board in all aspects.

## 4.     Releases

4.1     In consideration of the obligations and commitments undertaken by Defendants and the releases by Defendants' Released Persons, which constitute good and valuable consideration, and subject to the terms and conditions of this Stipulation, on the Effective Date, Plaintiff's Released Persons, NJR and NJR Shareholders shall be deemed to have and by operation of the Final Order and Judgment shall have fully, finally, and forever released, waived, relinquished discharged and dismissed as against Defendants' Released Persons any and all of Plaintiff's Released Claims, and shall forever be barred and enjoined from instituting, commencing, or prosecuting any and all of Plaintiff's Released Claims against any and all of Defendants' Released Persons.  It is the intent of Plaintiff's Released Persons that no claims may hereafter be brought or prosecuted, directly, indirectly or derivatively on behalf of NJR against

14

any of Defendants' Released Persons which arise from or relate in any manner to the Plaintiff's Released Claims. It is the further intent of Plaintiff's Released Persons that no claims or demands may hereafter be brought or submitted to the Board on behalf of NJR against any of Defendants' Released Persons which arise from or relate in any manner to the Plaintiff's Released Claims.

4.2     In consideration of the obligations and commitments undertaken by the Parties, which constitute good and valuable consideration, and subject to the terms and conditions of this Stipulation, on the Effective Date, Defendants' Released Persons shall fully, finally and forever release, relinquish and discharge as against Plaintiff's Released Persons any and all of Defendants' Released Claims, and shall forever be barred and enjoined from instituting, commencing, or prosecuting any and all Defendants' Released Claims against Plaintiff's Released Persons.

4.3     Nothing herein shall in any way impair or restrict the rights of any Party to enforce the terms of this Stipulation.

## 5.     Plaintiff's Counsel's Attorneys' Fees and Expenses

5.1     As a unitary part of the Settlement terms set forth herein and in recognition of the substantial benefits provided to NJR and NJR Shareholders as a result of the initiation, prosecution and settlement of the Action, NJR, on behalf of all Defendants, and the Board, in such capacity and exercising its independent business judgment, shall pay or cause to be paid to Plaintiff's Counsel an award of attorneys' fees and expenses in the total amount of $180,000 (the "Fee Award"). The Parties mutually agree that the Fee Award is fair and reasonable and deserved in light of the substantial benefits conferred upon NJR and NJR Shareholders by Plaintiff and Plaintiff's Counsel in initiating, prosecuting and settling the Action.

15

5.2     The Fee Award shall be paid to Levi & Korsinsky LLP within ten (10) business days after entry of the Final Order and Judgment.

5.3     Payment of the Fee Award shall constitute final and complete payment for Plaintiff's Counsel's attorneys' fees and expenses that have been incurred or will be incurred in connection with the filing and prosecution of the Action and the resolution of the claims alleged or that could have been alleged therein. Failure to pay the Fee Award in accordance with Paragraphs 5.1 and 5.2 above for any reason shall render the settlement and this Stipulation voidable at the option of Plaintiff's Counsel, who shall remain entitled to pursue any and all remedies to which it may be entitled to enforce payment of the Fee Award or to otherwise obtain attorneys' fees and expenses in connection with the Action.

5.4     Plaintiff's Counsel and its successors have a joint and several obligation to repay (within fifteen (15) business days) to NJR the full amount of the Fee Award upon any appeal and/or further proceedings on remand, or successful collateral attack, which results in the Final Order and Judgment or Fee Award being overturned or substantially modified, or upon assertion by any person of a Plaintiff's Released Claim within the scope of the allegations raised in the Action that is found by a Court of competent jurisdiction not to be barred or precluded (whether under principles of *res judicata*, collateral estoppel, or any other similar principle of federal or state law) by the Final Order and Judgment ("Repayment"). Levi & Korsinsky LLP is subject to the Court's jurisdiction for the purposes of enforcing this paragraph.

5.5     Except as otherwise provided herein, each of the Parties shall bear his, her, or its own costs.

5.6     In light of the substantial benefits Plaintiff has created for NJR and all NJR Shareholders, Plaintiff will apply for a Court-approved incentive award in the amount of $2,000

16

(the "Incentive Award"). The Incentive Award shall be funded entirely from, and not be in addition to, the Fee Award. Defendants reserve all rights with respect to the Incentive Award, including the right to object to such Incentive Award.

5.7     Upon payment of the Fee Award (as described in paragraph 5.2 herein), Plaintiff's Counsel and its successors hereby agree, and relinquish any and all rights, to seek a Fee Award or other fees, costs or payments related to its prosecution of the Action.

### 6.      Conditions of Settlement, Effect of Disapproval, Cancellation, or Termination

6.1     The Effective Date of this Stipulation shall be conditioned on the occurrence of all of the following events:

      (a)     approval by the Board;

      (b)     the entry by the Court of the Final Order and Judgment;

      (c)     withdrawal of the Demand or acknowledgment of resolution of the Demand as provided in ¶ 3.5;

      (d)     the payment of the Fee Award in accordance with ¶¶ 5.1-5.2 hereof; and

      (e)     the Final Order and Judgment has become Final.

6.2     If any of the conditions specified in ¶ 6.1 are not met, then the Stipulation shall be canceled and terminated, and the Parties shall be restored to their respective positions as of the Execution Date of this Stipulation (except that the parties agree that the thirty (30) day timeframe of Local Civ. Rule 54.2(a) shall be deemed not to have started to run until such cancelation or termination, and, in any event, Defendants agree not to seek application of the thirty (30) day timeframe of Local Civ. Rule 54.2(a), based on any passage of time prior to such cancellation or termination, given that the Parties were engaged in good faith settlement negotiations following the Court's Order dated September 5, 2013), unless Plaintiff's Counsel and Defendants' Counsel

mutually agree in writing to proceed with this Stipulation or in some other fashion as may be mutually agreed in writing.

6.3    In the event that this Stipulation is not approved by the Court, or the Settlement is terminated for any reason, the Parties shall be restored to their respective positions as of the Execution Date of this Stipulation, and all negotiations, proceedings, documents prepared and statements made in connection herewith shall be without prejudice to the Parties, shall not be deemed or construed to be an admission by any of the Parties of any act, matter, or proposition, and shall not be used in any manner for any purpose in any subsequent proceeding in the Action or in any other action or proceeding (except that the parties agree that the thirty (30) day timeframe of Local Civ. Rule 54.2(a) shall be deemed not to have started to run until such termination, and, in any event, Defendants agree not to seek application of the thirty (30) day timeframe of Local Civ. Rule 54.2(a), based on any passage of time prior to such termination, given that the Parties were engaged in good faith settlement negotiations following the Court's Order dated September 5, 2013). In such event, the terms and provisions of this Stipulation, with the exception of ¶¶ 1.1-1.33, 6.2-6.3, 7.2, 7.4, 7.6. 7.7, 7.8 and 7.9 herein, shall have no further force and effect with respect to the Parties and shall not be used in the Action or in any other proceeding for any purpose, and any judgment or orders entered by the Court in accordance with the terms of this Stipulation shall be treated as vacated, *nunc pro tunc*.

## 7.    **Miscellaneous Provisions**

7.1    The Parties: (i) acknowledge that it is their intent to consummate the Settlement; and (ii) agree to cooperate to the extent reasonably necessary to effectuate and implement all terms and conditions of this Stipulation and to exercise their best efforts to accomplish the foregoing terms and conditions of this Stipulation.

7.2    Neither this Stipulation (including any exhibits attached hereto) nor the Settlement, nor any act performed or document executed pursuant to or in furtherance of this Stipulation or the Settlement: (i) is or may be deemed to be or may be offered, attempted to be offered or used in any way by the Parties as a presumption, a concession or an admission of, or evidence of, the validity of any of Plaintiff's Released Claims, or of any fault, wrongdoing or liability of any of the Parties, Plaintiff's Counsel, Defendants' Counsel, Defendants' Released Persons or Plaintiff's Released Persons; or (ii) is or may be deemed to be or may be offered, attempted to be offered or used in any way by the Parties as a presumption, a concession or an admission of, or evidence of, any fault, omission, wrongdoing or liability of any of the Parties, Plaintiff's Counsel, Defendants' Counsel, Defendants' Released Persons or Plaintiff's Released Persons in any civil, criminal, or administrative proceeding in any court, administrative agency, or other tribunal.  The Parties, Plaintiff's Counsel, Defendants' Counsel, Defendants' Released Persons, and Plaintiff's Released Persons may file this Stipulation and/or the Final Order and Judgment in any action that may be brought against them in order to support a defense or counterclaim based on principles of *res judicata*, collateral estoppel, release, good-faith settlement, judgment bar or reduction, or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim.

7.3    The exhibits to this Stipulation are material and integral parts hereof and are fully incorporated herein by this reference.

7.4    This Stipulation may be amended or modified only by a written instrument signed by or on behalf of all Parties or their respective successors-in-interest.

7.5    This Stipulation and the exhibits attached hereto represent the complete and final resolution of all disputes among the Parties with respect to the Action and constitute the entire

19

agreement among the Parties, and supersede any and all prior negotiations, discussions, agreements, or undertakings, whether oral or written, with respect to such matters.

      7.6      This Stipulation and the Settlement shall be binding upon, and inure to the benefit of, the successors and assigns of the Parties and the Released Persons. The Parties agree that this Stipulation will run to their respective successors-in-interest, and they further agree that any planned, proposed or actual sale, merger or change-in-control of NJR shall not void this Stipulation, and that in the event of a planned, proposed or actual sale, merger or change-in-control of NJR they will continue to seek final approval of this Stipulation expeditiously, including but not limited to the settlement terms reflected in this Stipulation including the Fee Award. The Parties also agree that NJR has already received adequate consideration for payment of the Fee Award.

      7.7      This Stipulation and the exhibits attached hereto shall be considered to have been negotiated, executed, and delivered, and to be wholly performed, in the State of New Jersey, and the rights and obligations of the Parties to this Stipulation shall be construed and enforced in accordance with, and governed by, the internal, substantive laws of the State of New Jersey without giving effect to that State's choice of law principles. No representations, warranties, or inducements have been made to any party concerning this Stipulation or its exhibits other than the representations, warranties, and covenants contained and memorialized in such documents.

      7.8      All agreements made and orders entered during the course of the Action relating to the confidentiality of information and documents shall survive this Stipulation.

      7.9      Each counsel or other Person executing this Stipulation or its exhibits on behalf of any of the Parties hereby warrants that such Person has the full authority to do so. This

20

Stipulation shall be binding upon, and inure to the benefit of, the successors and assigns of the
Parties, Plaintiff's Released Persons, and Defendants' Released Persons.

7.10    This Stipulation may be executed by facsimile and electronic mail in one or more
counterparts. All executed counterparts and each of them shall be deemed to be one and the
same instrument. A complete set of original executed counterparts shall be filed with the Court.

IN WITNESS WHEREOF, the Parties hereto have caused this Stipulation to be executed,
by their duly authorized attorneys, dated as of November 25, 2013.

By:

LEVI & KORSINSKY LLP

Eduard Korsinsky
Michael H. Rosner
30 Broad Street, 24th Floor
New York, NY 10004

*Attorneys for Plaintiff Justin Holland*

By:

MARINO, TORTORELLA & BOYLE, P.C.

Kevin H. Marino
John A. Boyle
437 Southern Boulevard
Chatham, New Jersey 07928-1488

*Attorneys for Defendants*

21

# EXHIBIT A

**Levi Korsinsky** LLP

A t t o r n e y s   a t   L a w

30 Broad Street, 24th Floor
New York, NY 10004
T: 212-363-7500
F: 212-363-7171
www.zlk.com

Michael H. Rosner
mrosner@zlk.com

August 2, 2013

**VIA FEDERAL EXPRESS**

Board of Directors
New Jersey Resources Corporation
1415 Wyckoff Road
Wall, New Jersey 07719

**Re:   Demand upon the Board of Directors to Investigate Claims, Pursue Legal
Action and Take Necessary and Appropriate Remedial Measures**

To the Board of Directors of New Jersey Resources Corporation:

This firm represents Justin Holland who is, and has been continuously at all relevant
times, a stockholder of New Jersey Resources Corporation ("NJR" or the "Company").

Pursuant to N.J.S.A. 14A:3-6.3, this demand is made on behalf of the Company and
concerns the conduct of the Company's Board of Directors (the "Board"). As detailed further
below, this demand arises out of:  (1) the Board's failure to implement internal controls to
prevent from lapsing the Board's ability to grant tax deductible executive compensation under
the Company's 2007 Stock Award and Incentive Plan (the "2007 Compensation Plan") in
accordance with Internal Revenue Code Section 162(m) ("§ 162(m)"); and (2) the Board causing
the Company to issue false and/or materially misleading statements in the Company's 2013
Proxy Statement, representing that the Board could grant the tax-deductible executive
compensation when, in fact, it could not. Accordingly the Board breached its fiduciary duties to
NJR and the Company has been harmed.  A thorough investigation, holding accountable the
persons responsible, and corporate governance measures are needed to prevent a recurrence of
damaging events such as these and to ensure that the Company is made whole.

*Background*

On November 15, 2006, NJR's Board of Directors adopted the 2007 Compensation Plan
which authorized a range of awards that the Compensation Committee may award to the
Company's executive officers, including stock options, stock appreciation rights, restricted stock,
performance shares or other stock-based performance awards, and cash-based performance
awards.

On December 20, 2006, NJR's Board of Directors filed a proxy statement (the "2007
Proxy") in connection with NJR's 2007 Annual Meeting, which was scheduled for January 24,
2007.

At the 2007 Annual Meeting, NJR's Board sought, among other things, shareholder
approval of the 2007 Compensation Plan. The 2007 Compensation Plan, as required by
§ 162(m), disclosed the material terms of the performance goals that would be used when
granting performance-based compensation to NJR's Covered Employees.  In the 2007 Proxy, the
Board emphasized the importance of shareholder approval of the 2007 Compensation Plan

Board of Directors of New Jersey Resources Corporation
August 2, 2013
Page 2 of 5

(along with the material terms) so that the Board would have the ability to grant awards that were tax-deductible under § 162(m).  Relying on this, NJR's shareholders approved the 2007 Compensation Plan on January 24, 2007.

Following shareholder approval, the Compensation Committee used the 2007 Compensation Plan each year through 2011 to grant tax-deductible performance-based compensation to the Company's named executive officers.

Because the 2007 Compensation Plan did not disclose the specific target levels of performance, but rather allowed the Compensation Committee to select different performance targets from year to year, the "shareholder-approved" status for purposes of § 162(m) was valid for only five years pursuant to § 1.162-27(e)(4)(vi) of the Treasury Regulations.  Indeed, in the 2007 Proxy, the Company so acknowledged:  "Shareholder approval of general business criteria, without specific targeted levels of performance, will permit qualification of incentive awards for full tax deductibility for a period of five years under Section 162(m)."

### *The Board Breached Its Fiduciary Duties in Failing to Keep the 2007 Compensation Plan § 162(m) Compliant and by Misrepresenting that it Could Give Tax-Deductible Performance-Based Compensation Under § 162(m)*

On December 14, 2011, the Board (which included 10 of the 11 current Board members) filed a Schedule 14(a) Proxy Statement (the "2012 Proxy") with the United States Securities and Exchange Commission ("SEC") in connection with the Company's 2012 Annual Meeting of Shareholders (the "2012 Annual Meeting").  The 2012 Annual Meeting was scheduled for, and was held on, January 25, 2012.

To grant tax-deductible performance-based compensation under the 2007 Compensation Plan, the Board was required to seek shareholder re-approval of the 2007 Compensation Plan by the 2012 Annual Meeting.  The Board, however, failed to do this.  Accordingly, at that time, the "shareholder-approved" status of the 2007 Compensation Plan for purposes of § 162(m) had expired since January 25, 2012.  Because the Company had no § 162(m) compliant shareholder-approved plan in place, the Compensation Committee could not grant performance-based awards that qualified as tax-deductible performance-based compensation under § 162(m).  As discussed further below, the Board's failure was not a business judgment but rather a fiduciary breach.

On December 12, 2012, the Company filed a Schedule 14(a) Proxy Statement (the "2013 Proxy") with the SEC in connection with the 2013 Annual Meeting of Shareholders of the Company (the "2013 Annual Meeting"), which was scheduled for January 23, 2013.

In the 2013 Proxy, the Company solicited shareholder proxies for, among other things, the re-election of board members Laurence M. Downes, Lawrence R. Codey, Robert B. Evans, Alfred C. Koeppe, and Sharon C. Taylor to the Board for a three-year term.

The 2013 Proxy was materially false and misleading.  Among other things, in this proxy NJR effectively represented that the Company maintained an executive compensation policy that purportedly enabled NJR to take tax deductions for certain executive compensation in excess of $1 million when, in fact, the Board failed to secure the requisite shareholder approval, as required by § 162(m) and its enabling rules and regulations, necessary to do so.  By misleading

Board of Directors of New Jersey Resources Corporation
August 2, 2013
Page 3 of 5

shareholders to believe that compensation payable to the Company's executive officers would be tax-deductible when, in fact, it was not, NJR and the Board misrepresented and omitted material information in violation of the federal securities laws and in breach of the Board's fiduciary duties.

In particular, as required by SEC rules and regulations, the 2013 Proxy discussed the tax implications of NJR's executive compensation policies:

### United States Federal Income Tax Limits on Deductibility

Section 162(m) of the Internal Revenue Code provides that executive compensation in excess of $1 million to an individual officer will not be deductible for purposes of corporate income tax unless it is performance-based compensation and is paid pursuant to a plan meeting certain requirements of the Internal Revenue Code. The [Compensation Committee] has relied on, and intends to continue to rely on, performance-based compensation programs for annual cash bonus awards and long-term equity incentive awards. The [Compensation Committee] seeks to fulfill corporate business objectives through such programs. The [Compensation Committee] currently anticipates that, to the extent practicable and in our best interest, such programs will be designed to satisfy the requirements of Section 162(m) with respect to the deductibility of compensation paid. The [Compensation Committee] recognizes, however, that there may be business considerations that dictate that compensation is paid that is not deductible under Section 162(m).

The Company made the exact same representation in each of its proxy statements issued since the shareholders approved the 2007 Compensation Plan. Because NJR's shareholders had not voted to re-approve the 2007 Compensation Plan since the 2007 Annual Meeting, the Board did not have the ability to grant tax-deductible executive compensation under § 162(m). Accordingly, the above-quoted representation in the 2013 Proxy, which represented that the Board did have such ability, was materially false and misleading. The Company's inability to grant tax-deductible performance-based compensation, due to the Board's failure to seek re-approval of the 2007 Compensation Plan at the 2012 Annual Meeting, was material information that needed to be, but was not, disclosed candidly to shareholders. By issuing the false and misleading 2013 Proxy, the Board breached its fiduciary duties to the Company and its stockholders and violated the federal securities laws, thus injuring NJR and its stockholders.

On December 26, 2012, on behalf of Mr. Holland and a proposed class of NJR stockholders, Levi & Korsinsky LLP ("Levi & Korsinsky") filed a putative class action asserting direct claims for (1) breach of fiduciary duty; and (2) violations of Section 14(a) of the Securities Exchange Act of 1934, as amended and Rule 14a-9 promulgated thereunder (the "Action"). The Action is pending in the United States District Court for the District of New Jersey and is styled *Holland v. New Jersey Resources Corporation* Case. No. 3:12-cv-07858-AET-LHG. The Action alleged that NJR's 2013 Proxy for the 2013 Annual Meeting was materially false and misleading

Board of Directors of New Jersey Resources Corporation
August 2, 2013
Page 4 of 5

with respect to its disclosures concerning § 162(m) of the Internal Revenue Code and the tax deductibility of executive compensation in excess of $1 million. Specifically, Plaintiff alleged that the 2013 Proxy failed to disclose that NJR and its Board of Directors did not secure shareholder re-approval of its 2007 Compensation Plan and, therefore, the Company was unable to grant tax-deductible compensation under § 162(m), while misleading shareholders to believe otherwise. On December 31, 2012, Plaintiff amended his complaint, adding additional detail to his claims and filed a motion for preliminary injunction seeking to enjoin the 2013 Annual Meeting.

Subsequent to the filing of the lawsuit and motion for preliminary injunction, and after negotiations with Levi & Korsinsky, on January 11, 2013, NJR filed an amendment to the 2013 Proxy Statement (the "Supplement"). In the Supplement, the Company added a new proposal for its 2013 Annual Meeting to re-approve the material terms of the performance goals under the 2007 Compensation Plan pursuant to § 162(m). Furthermore, as detailed in the Supplement, Mr. Downes agreed to forfeit the long-term performance-based equity incentive awards which would be subject to the § 162(m) limitations if the shareholders did not re-approve the material terms of the performance goals under the 2007 Compensation Plan. By putting the 2007 Compensation Plan up for re-approval at this time and Mr. Downes risking forfeiture of his own compensation dependent on the shareholders' vote, it was evident that the Board's failure to put the 2007 Compensation Plan up for re-approval resulted from a breach of fiduciary duty rather than from a valid business decision. Accordingly, the Company plainly did not have effective internal controls in place to prevent this lapsing of the Board's ability to grant tax-deductible executive compensation in accordance with § 162(m), as well as to prevent the issuance of materially false and misleading statements in NJR's public filings.

The Board breached its fiduciary duties to the Company and its stockholders by failing to implement adequate internal controls, thus causing the Board's ability to grant executive compensation compliant with § 162(m) to lapse, and false and misleading statements to be disseminated to the investing public. In doing so, the Board further caused NJR to violate the federal securities laws and its obligations under the New York Stock Exchange Corporate Governance Standards. As a result, NJR has been damaged and is entitled to relief from the persons responsible. NJR has suffered further injury, including incurring regulatory and legal costs and reputational harm, for which the individuals responsible should be held accountable to the Company.

Accordingly, our client, on behalf of the Company, demands that the Board thoroughly investigate this wrongdoing (including determining how and why the 2007 Compensation Plan came to lapse, *i.e.*, was not approved within five years following NJR shareholders' approval of it, compensation that would have been tax-deductible under § 162(m) but for this lapse was nonetheless granted, and a Proxy Statement was issued representing that NJR still had the ability to award tax deductible compensation though it did not), take all action necessary against the wrongdoers to make the Company whole, and adopt and implement adequate internal corporate controls and related measures designed to prohibit and prevent a recurrence of the wrongdoing, including adopting and implementing internal controls and corporate governance measures to ensure that NJR can maintain § 162(m) compliant compensation plans, and to ensure that the Company does not issue false or misleading statements in its public filings.

Board of Directors of New Jersey Resources Corporation
August 2, 2013
Page 5 of 5

By sending this letter, our client does not waive any rights or in any way impair his entitlement to seek relief from a court of law concerning the issues raised herein. Moreover, nothing in this letter is intended to, or shall be read to, concede that the Board is in fact capable of independently and appropriately considering the issues described herein or taking the actions demanded herein.

If you fail to respond or contact the undersigned within 90 days, we will be forced to assume that you have decided not to pursue any investigation, legal action or remedial steps and we will take such action as we deem in the best interest of the Company and its shareholders, including potentially seeking leave to amend Mr. Holland's current complaint to assert these derivative claims on the Company's behalf. If you need additional time to consider or act upon the issues raised in this demand letter or would like to discuss any aspects of this letter, please do not hesitate to have your attorney contact us. We appreciate your prompt attention to this matter.

Very truly yours,

Levi & Korsinsky LLP

Michael H. Rosner

cc: Kevin H. Marino, Esq. (via e-mail and Federal Express)

# EXHIBIT B

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| JUSTIN HOLLAND, individually and on behalf of all others similarly situated,<br><br>    Plaintiff,<br><br>  v.<br><br>NEW JERSEY RESOURCES CORPORATION, LAURENCE M. DOWNES, LAWRENCE R. CODEY, ROBERT B. EVANS, ALFRED C. KOEPPE, SHARON C. TAYLOR, JANE M. KENNY, DAVID A. TRICE, DONALD L. CORRELL, M. WILLAM HOWARD, JR., J. TERRY STRANGE, and GEORGE R. ZOFFINGER,<br><br>    Defendants. | Case No. 3:12-cv-07858-PGS-LHG |

### NOTICE TO NEW JERSEY RESOURCES SHAREHOLDERS

TO:   ALL OWNERS OF NEW JERSEY RESOURCES, INC. ("NJR" OR "THE COMPANY") COMMON STOCK AS OF NOVEMBER __, 2013 ("NJR SHAREHOLDERS").

PLEASE READ THIS NOTICE CAREFULLY AND IN ITS ENTIRETY.  YOUR RIGHTS MAY BE AFFECTED.  THIS NOTICE RELATES TO A PROPOSED SETTLEMENT AND RELEASE OF ALL CLAIMS ARISING FROM OR RELATING TO A SHAREHOLDER DEMAND, AND CONTAINS IMPORTANT INFORMATION REGARDING YOUR RIGHTS.  YOUR RIGHTS MAY BE AFFECTED BY LEGAL PROCEEDINGS IN THIS ACTION.

IF THE COURT APPROVES THE SETTLEMENT AND DISMISSAL OF THE ACTION, SHAREHOLDERS OF NJR WILL BE FOREVER BARRED FROM CONTESTING THE APPROVAL OF THE PROPOSED SETTLEMENT AND FROM PURSUING THE SETTLED CLAIMS.  THIS ACTION IS NOT A "CLASS ACTION."  THUS, THERE IS NO COMMON FUND UPON WHICH YOU CAN MAKE A CLAIM FOR A MONETARY PAYMENT.

**THE COURT HAS MADE NO FINDINGS OR DETERMINATIONS RESPECTING THE MERITS OF THE ACTION. THE RECITATION OF THE BACKGROUND AND CIRCUMSTANCES OF THE SETTLEMENT CONTAINED HEREIN DOES NOT CONSTITUTE THE FINDINGS OF THE COURT. IT IS BASED ON REPRESENTATIONS MADE TO THE COURT BY COUNSEL FOR THE PARTIES.**

**IF YOU WERE NOT THE BENEFICIAL OWNER OF NJR COMMON STOCK ON THE RECORD DATE, PLEASE TRANSMIT THIS DOCUMENT TO SUCH BENEFICIAL OWNER.**

**YOU ARE HEREBY NOTIFIED,** pursuant to Federal Rule of Civil Procedure 23.1 and an Order of the U.S. District Court for the District of New Jersey (the "Court"), that a proposed settlement agreement (the "Settlement") has been reached among Plaintiff, Justin Holland, on behalf of himself and derivatively on behalf of NJR and NJR Shareholders, the Individual Defendants, and NJR in connection with the Action, as defined in the Stipulation and Agreement of Settlement (the "Stipulation"), fully executed as of November 25, 2013.[1]

The proposed Settlement, if approved by the Court, would fully, finally, and forever resolve the Action on the terms set forth in the Stipulation and summarized in this Notice.

As explained below, a hearing (the "Settlement Hearing") shall be held before this Court on _____, 2013 at _____ __.m. to determine whether, *inter alia*, the Settlement is fair, reasonable, and adequate, and should be finally approved by the Court. You have the right to object to the Settlement in the manner provided herein. If you fail to object in the manner provided herein ***at least fourteen (14) business days prior to the Settlement Hearing***, you will

---

[1] For purposes of this Notice, the Court incorporates by reference the definitions in the Stipulation, and all capitalized terms used herein, unless otherwise defined, shall have the same meanings as set forth in the Stipulation. A copy of the Stipulation may be inspected at the Clerk of the Court's Office for the United States District Court for the District of New Jersey, Clarkson S. Fisher Building & U.S. Courthouse, 402 East State Street, Trenton, NJ 08608, and is also available for viewing on the websites of Levi & Korsinsky LLP at http://www.zlk.com and NJR at http://www.njresources.com.

be deemed to have waived your objections and will be bound by the Final Order and Judgment to be entered and the releases to be given, unless otherwise ordered by the Court.

This Notice is not intended to be and should not be construed as an expression of any opinion by the Court with respect to the merits of the claims made in the Action, but is merely to advise you of the Settlement and of your rights as a shareholder of NJR with respect to the Settlement.

## Background

A.      On December 12, 2012, NJR filed its 2013 Proxy Statement in connection with the Company's upcoming 2013 Annual Meeting.

B.      On December 26, 2012, Plaintiff filed a class-action complaint (the "Complaint") against the Defendants, alleging that the 2013 Proxy Statement was false and misleading, in violation of state and federal law, for, *inter alia*, failing to disclose the Company's inability to obtain a tax deduction for certain executive compensation paid under its 2007 Stock Award and Incentive Plan (the "Plan").

C.      Plaintiff filed an amended complaint on December 31, 2012 based on these same allegations (the "Amended Complaint" and, together with the Complaint, the "Class Action," as further defined herein).

D.      Also on December 31, 2012, Plaintiff filed a Motion for Preliminary Injunction and brief in support with respect to the Company's upcoming Annual Meeting and the disclosures made to the Company's shareholders in the Proxy Statement in connection therewith.

E.      On January 11, 2013, NJR filed a Supplemental Proxy Statement informing NJR shareholders that, *inter alia*, at the Company's upcoming Annual Meeting, the Board of Directors of NJR (the "Board") would recommend a proposal seeking shareholder re-approval of

the material terms of the performance goals under the Plan pursuant to Section 162(m) of the Internal Revenue Code (the "Performance Goals").

F. The parties thereafter engaged in motion practice, and the Court held two hearings, regarding whether the parties had settled the Class Action, with the Court ultimately denying Defendants' motion to enforce in a Memorandum Opinion dated June 27, 2013.

G. At NJR's Annual Meeting held on January 23, 2013, NJR's shareholders re-approved the Performance Goals.

H. On July 11, 2013, Defendants moved to dismiss the Class Action on the ground that NJR's issuance of the Supplemental Proxy Statement and its shareholders' re-approval of the Performance Goals at the 2013 Annual Meeting rendered the Class Action moot.

I. On August 2, 2013, Plaintiff issued a demand (the "Demand") upon the Board pursuant to N.J.S.A. 14A:3-6.3, seeking an investigation, action against responsible persons, and corporate governance measures to prevent the reoccurrence of the Company's failure to obtain shareholder re-approval of the Performance Goals.  A true and exact copy of the Demand is annexed to this Stipulation as Exhibit A.

J. By Opinion and Order dated September 5, 2013, the Court granted the Defendants' motion and dismissed the Class Action as moot.

K. On September 17, 2013, in response to the Demand, a Special Litigation Committee of the Board (the "SLC"), comprising Board members who were not members of its Leadership Development and Compensation Committee ("LDCC") at the time of the events underlying the Demand, was established and commenced a review of the circumstances and processes which led to the Company's failure to timely seek shareholder re-approval of the Performance Goals.

L.      Defendants aver that on October 22, 2013, on the recommendation of the SLC, the Board concluded that the maintenance of a suit on behalf of NJR was not in the best interests of the Company.  Defendants also aver that the Board further found that:  (i) the Company's failure to timely seek shareholder re-approval of the Performance Goals was an oversight, and not the result of any intentional conduct; (ii) the Company immediately sought and obtained shareholder re-approval of the Performance Goals; and (iii) the LDCC's adopting of additional corporate governance measures would be sufficient to ensure that the failure to timely seek shareholder re-approval of the Performance Goals would not recur.

M.      Plaintiff and Plaintiff's Counsel maintain that the Action is meritorious but recognize and acknowledge the expense and length of time that would be required to prosecute a derivative action, based on the allegations of the Demand, through preliminary motions, trial and appeal.  Plaintiff's Counsel has also taken into account the Board's asserted conclusions set forth in Paragraph L of this Stipulation as well as the difficulties, uncertain outcomes, risks and delays inherent in litigating a derivative action.  Plaintiff's Counsel concurs in the Board's asserted conclusion that the LDCC's adopting of the additional corporate governance measures referred to in Paragraph L will be sufficient to ensure that the failure to timely seek shareholder re-approval of the Performance Goals will not recur.

N.      The Defendants have denied and continue to deny each of the claims and contentions alleged by the Plaintiff in the Action (as defined herein) and all other allegations of wrongdoing or liability arising from any conduct, statements, acts or omissions alleged, or that could have been alleged, in the Action.  This Stipulation and all related documents are not, and shall not in any event be construed or deemed to be, evidence of fault or liability or wrongdoing or damage whatsoever, or any infirmity in Defendants' defenses.

## The Settlement Hearing

The Settlement Hearing will be held before the Honorable Anne E. Thompson on _____, 2012 at _____ __.m. at the United States District Court for the District of New Jersey, Clarkson S. Fisher Building & U.S. Courthouse, 402 East State Street, Trenton, NJ 08608, to determine: (i) whether the proposed Settlement, upon the terms set forth in the Stipulation, should be finally approved in all respects as fair, reasonable, and adequate; (ii) whether the Final Order and Judgment approving the Settlement should be entered; (iii) whether Plaintiffs' Counsel's agreed-to Fee Award should be finally approved; and (iv) whether the Incentive Award should be finally approved.  The Settlement Hearing may be continued by the Court at the Settlement Hearing, or at any adjourned session thereof without further notice.

## Overview of the Proposed Settlement

The terms and conditions of the proposed Settlement are set forth fully in the Stipulation described above.  The Stipulation has been filed with the Court and is also available for viewing on the websites of Levi & Korsinsky LLP at http://www.zlk.com and NJR at http://www.njresources.com.  The following is only a summary of its terms.

As a result, in substantial part, of the filing and prosecution of the Action: the Board caused the issuance of the Supplemental Proxy Statement, which informed NJR shareholders that the Board would recommend that they vote to re-approve the Performance Goals at the Company's 2013 Annual Meeting, and put the issue of shareholder re-approval of the Performance Goals up for vote with CEO Laurence Downes's awards put at risk of forfeiture.  In addition, as a result of the Demand on the Board, the Board, through the SLC, conducted an investigation; and, pursuant to the settlement of the Action, is instituting corporate governance

measures sufficient to ensure that the failure to timely seek shareholder re-approval of the Performance Goals will not recur.

The Parties agree that the efforts of Plaintiff and Plaintiff's Counsel in prosecuting and settling the Action, including the resulting actions and measures noted in the foregoing, have substantially benefitted and will in the future substantially benefit NJR and its shareholders.  The Board, on the recommendation of the SLC and in the exercise of its independent business judgment, believes that the Settlement is in the best interests of NJR and NJR Shareholders.

## Dismissal and Releases

In connection with the Court's approval of the Settlement, the Parties will jointly request entry of the Final Order and Judgment by the Court, dismissing with prejudice and/or barring all claims that have been or could have been alleged in the Action.

Upon the entry of the Final Order and Judgment, Plaintiff, Plaintiff's Released Persons, NJR, and NJR Shareholders, shall be deemed to have—and by operation of the Final Order and Judgment shall have—fully, finally and forever released, waived, relinquished, discharged and dismissed as against Defendants' Released Persons any and all of Plaintiff's Released Claims, and shall forever be barred and enjoined from instituting, commencing, or prosecuting any and all of Plaintiff's Released Claims against any and all of Defendants' Released Persons.  It is the intent of Plaintiff's Released Persons that no claims may hereafter be brought or prosecuted, directly, indirectly or derivatively on behalf of NJR against any of Defendants' Released Persons which arise from or relate in any manner to the Plaintiff's Released Claims.

Further, upon entry of the Final Order and Judgment, Defendants' Released Persons shall fully, finally and forever release, relinquish and discharge as against Plaintiff's Released Persons any and all of Defendants' Released Claims, and shall forever be barred and enjoined from

instituting, commencing, or prosecuting any and all Defendants' Released Claims against Plaintiff's Released Persons.

## Attorneys' Fees and Expenses

As a unitary part of the Settlement and in recognition of the substantial benefits provided to NJR and NJR Shareholders as a result of the initiation, prosecution and settlement of the Action, NJR, on behalf of all Defendants, and the Board, in such capacity and exercising its independent business judgment, shall pay or cause to be paid to Plaintiff's Counsel an award of attorneys' fees and expenses in the total amount of $180,000 (the "Fee Award").  The Parties mutually agree that the Fee Award is fair and reasonable and deserved in light of the substantial benefits conferred upon NJR and NJR Shareholders by Plaintiff and Plaintiff's Counsel in initiating, prosecuting and settling the Action.

Additionally, in light of the substantial benefits Plaintiff has created for NJR and all NJR Shareholders, Plaintiff will apply for a Court-approved incentive award in the amount of $2,000 (the "Incentive Award").  The Incentive Award shall be funded entirely from, and not be in addition to, the Fee Award.  Defendants reserve all rights with respect to the Incentive Award, including the right to object to such Incentive Award.

## The Right to Object and/or Be Heard at the Settlement Hearing

Any NJR Shareholder may object and appear and show cause, if he, she, or it has any concern, why the Settlement should not be approved as fair, reasonable, and adequate, or why the Final Order and Judgment should not be entered thereon, or why the Fee Award or Incentive Award should not be approved; provided, however, unless otherwise ordered by the Court, that no NJR Shareholder shall be heard or entitled to contest the approval of the terms and conditions of the Settlement, or, if approved, the Final Order and Judgment to be entered thereon approving

the same, or the Fee Award, unless that shareholder has, *at least fourteen (14) business days prior to the Settlement Hearing*: (1) filed with the Clerk of the Court a written objection to the Settlement setting forth: (a) the nature of the objection; (b) proof of ownership of NJR common stock through the date of the Settlement Hearing, including the number of shares of NJR common stock and the date of purchase; and (c) any documentation in support of such objection; and (2) if an NJR Shareholder intends to appear and requests to be heard at the Settlement Hearing, such shareholder must have, in addition to the requirements of (1) above, filed with the Clerk of the Court: (a) a written notice of such shareholder's intention to appear; (b) a statement that indicates the basis for such appearance; and (c) the identities of any witnesses the shareholder intends to call at the Settlement Hearing and a statement as to the subjects of their testimony.  If an NJR Shareholder files a written objection and/or written notice of intent to appear, such shareholder must also simultaneously serve copies of such notice, proof, statement, and documentation, together with copies of any other papers or briefs such shareholder files with the Court (either by hand delivery or by first class mail) upon each of the following:

<table>
<tr>
<td>Michael H. Rosner<br>LEVI & KORSINSKY LLP<br>30 Broad Street, 24th Floor<br>New York, NY 10004<br><br>*Counsel for Plaintiff*</td>
<td>Kevin H. Marino<br>MARINO, TORTORELLA & BOYLE, P.C.<br>437 Southern Boulevard<br>Chatham, NJ 07928<br><br>*Counsel for Defendants*</td>
</tr>
</table>

Any NJR Shareholder who does not make his, her, or its objection in the manner provided herein shall be deemed to have waived such objection and shall forever be foreclosed from making any objection to the fairness, reasonableness, or adequacy of the settlement and the Fee Award and Incentive Award as incorporated in the Stipulation, unless otherwise ordered by

the Court, but shall otherwise be bound by the Final Order and Judgment to be entered and the releases to be given.

## Conditions for Settlement

The Settlement is conditioned upon the occurrence of certain events described in the Stipulation, which requires, among other things: (1) entry of the requested Final Order and Judgment by the Court; (2) expiration of the time to appeal from or alter or amend the Final Order and Judgment; and (3) withdrawal of the Demand or written acknowledgment of resolution of the Demand.  If, for any reason, any one of the conditions described in the Stipulation is not met and the entry of the Final Order and Judgment does not occur, the Stipulation might be terminated and, if terminated, will become null and void; and the Parties to the Stipulation will be restored to their respective positions as of November 25, 2013.

## Examination of Papers and Inquiries

This Notice contains only a summary of the terms of the Settlement.  For a more detailed statement of the matters involved in the Action, reference is made to the Stipulation, which may be inspected at the Clerk of the Court's Office, United States District Court for the District of New Jersey, 402 East State Street, Trenton, New Jersey, during business hours of each business day.  The Notice will also be available for viewing on the websites of Levi & Korsinsky LLP at www.zlk.com and NJR at www.njresources.com.

Any other inquiries regarding the Settlement or the Action should be addressed in writing to:

MICHAEL H. ROSNER, ESQ.
LEVI & KORSINSKY LLP
30 Broad Street, 24th Floor
New York, NY 10004
Telephone: (212) 363-7500
Facsimile: (212) 363-7171

*Counsel for Plaintiff*

**PLEASE DO NOT TELEPHONE THE COURT OR NJR REGARDING THIS NOTICE.**

DATED: _____      _____

HONORABLE ANNE E. THOMPSON
UNITED STATES DISTRICT JUDGE

# EXHIBIT C

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| **JUSTIN HOLLAND, individually and on behalf of all others similarly situated,**<br><br>**Plaintiff,**<br><br>v.<br><br>**NEW JERSEY RESOURCES CORPORATION, LAURENCE M. DOWNES, LAWRENCE R. CODEY, ROBERT B. EVANS, ALFRED C. KOEPPE, SHARON C. TAYLOR, JANE M. KENNY, DAVID A. TRICE, DONALD L. CORRELL, M. WILLAM HOWARD, JR., J. TERRY STRANGE, and GEORGE R. ZOFFINGER,**<br><br>**Defendants.** | **Case No. 3:12-cv-07858-PGS-LHG** |

**[PROPOSED] ORDER REOPENING ACTION AND PRELIMINARILY APPROVING**
**DERIVATIVE SETTLEMENT AND PROVIDING FOR NOTICE**

WHEREAS, the Parties to the above-captioned action have made an application, (a) pursuant to the Court's September 5, 2013 Opinion and Order, for an order reopening this action for purposes of settlement; and (b) pursuant to Federal Rule of Civil Procedure 23.1, for an order: (i) preliminarily approving the Settlement of the Action[1] on the terms and conditions set forth in the Stipulation; and (ii) approving the form and content of the Notice to NJR Shareholders (the "Notice") for posting on the websites of NJR and Levi & Korsinsky LLP; and for filing by NJR with the U.S. Securities and Exchange Commission ("SEC") via a Current Report on Form 8-K;

---

[1] All capitalized terms, unless otherwise defined, shall have the same meanings as set forth in the Stipulation and Agreement of Settlement, dated November 25, 2013, including the exhibits thereto (the "Stipulation").

WHEREAS, the Court has read and considered the Stipulation and the exhibits annexed thereto, and all papers submitted in support of, and any papers in opposition to, the instant application.

NOW THEREFORE, IT IS HEREBY ORDERED:

1.      The Court hereby grants the Parties' motion to reopen for purposes of approving and implementing the Settlement.

2.      The Court does hereby preliminarily approve, subject to further consideration at the Settlement Hearing described below, the Stipulation and the Settlement set forth therein, including the terms and conditions for settlement and dismissal with prejudice of the Action.

3.      A hearing (the "Settlement Hearing") shall be held before this Court on _____, 2013 at _____ __.m. to determine:  (i) whether the terms and conditions of the Settlement set forth in the Stipulation are fair, reasonable, and adequate to NJR and NJR Shareholders and should be finally approved by the Court; (ii) whether a Final Order and Judgment approving the Settlement including the Fee Award and Incentive Award, as provided for in paragraph 1.15 of the Stipulation and attached thereto as Exhibit D, should be entered.

4.      The Court approves, as to form and content, the Notice attached as Exhibit B to the Stipulation and for convenience annexed as Exhibit A hereto, and finds that the posting of such Notice substantially in the manner and form set forth in this Order, meets the requirements of Federal Rule of Civil Procedure 23.1 and due process, and is the best notice practicable under the circumstances and shall constitute due and sufficient notice to all Persons entitled thereto.

5.      Not later than ten (10) business days following entry of this Order, NJR and Levi & Korsinsky LLP shall cause the Notice, substantially in the form annexed hereto as Exhibit A, and the Stipulation to be posted on each of their respective websites.

6.      Not later than ten (10) business days following entry of this Order, NJR shall cause a copy of the Notice to be filed with the SEC as a Current Report on Form 8-K.

7.      All papers in support of the Settlement shall be filed with the Court and served at least twenty-eight (28) days prior to the Settlement Hearing and any reply papers shall be filed with the Court at least seven (7) days prior to the Settlement Hearing.

8.      Any NJR Shareholder may object and/or appear and show cause, if he, she, or it has any concern, why the Settlement should not be finally approved as fair, reasonable, and adequate, including why the Final Order and Judgment should not be entered thereon, provided, however, unless otherwise ordered by the Court, no NJR Shareholder shall be heard or entitled to contest the approval of the Settlement, unless that shareholder has, ***at least fourteen (14) business days prior to the Settlement Hearing***: (1) filed with the Clerk of the Court a written objection to the Settlement setting forth: (a) the nature of the objection; (b) proof of ownership of NJR common stock through the date of the Settlement Hearing, including the number of shares of NJR common stock and the date of purchase; and (c) any documentation in support of such objection; and (2) if an NJR Shareholder intends to appear and requests to be heard at the Settlement Hearing, such shareholder must have, in addition to the requirements of (1) above, filed with the Clerk of the Court: (a) a written notice of such shareholder's intention to appear; (b) a statement that indicates the basis for such appearance; and (c) the identities of any witnesses the shareholder intends to call at the Settlement Hearing and a statement as to the subjects of their testimony.  If an NJR Shareholder files a written objection and/or written notice of intent to appear, such shareholder must also simultaneously serve copies of such notice, proof, statement, and documentation, together with copies of any other papers or briefs such shareholder files with the Court (either by hand delivery or by first class mail) upon each of the following:

- 3 -

Michael H. Rosner
LEVI & KORSINSKY LLP
30 Broad Street, 24th Floor
New York, NY 10004

*Counsel for Plaintiff*

Kevin H. Marino
MARINO, TORTORELLA & BOYLE,
P.C.
437 Southern Boulevard
Chatham, NJ 07928

*Counsel for Defendants*

Any NJR Shareholder who does not make his, her, or its objection in the manner provided herein shall be deemed to have waived such objection and shall forever be foreclosed from making any objection to the fairness, reasonableness, or adequacy of the Settlement including the Fee Award or the Incentive Award, unless otherwise ordered by the Court, but shall otherwise be bound by the Final Order and Judgment to be entered and the releases to be given.

9.      At least ten (10) business days prior to the Settlement Hearing, Defendants' Counsel shall serve on counsel in the Action and file with the Court proof, by affidavit or declaration, of the filing of the Notice as a Current Report on Form 8-K with the SEC and the posting of the Notice on NJR's website.

10.      At least ten (10) business days prior to the Settlement Hearing, Plaintiff's Counsel shall serve on counsel in the Action and file with the Court proof, by affidavit or declaration, of the posting of the Notice on Levi & Korsinsky LLP's website.

11.      All NJR Shareholders shall be bound by all orders, determinations, and judgments related to the Action concerning the Settlement, whether favorable or unfavorable, to NJR Shareholders.

12.      Pending final determination of whether the Settlement should be approved, no NJR Shareholder, either directly, representatively, or in any other capacity, shall commence or prosecute directly against any of the Individual Defendants or NJR, or derivatively on behalf of NJR, any action or proceeding in any court or tribunal asserting any of Plaintiff's Released Claims.

13.     Neither the Stipulation (including any exhibits attached thereto) nor the Settlement, nor any act performed or document executed pursuant to or in furtherance of the Stipulation or the Settlement: (a) is or may be deemed to be or may be offered, attempted to be offered or used in any way by the Parties as a presumption, a concession or an admission of, or evidence of, the validity of any of Plaintiff's Released Claims, or of any fault, wrongdoing or liability of the Parties, Plaintiff's Counsel, Defendants' Counsel, Defendants' Released Persons or Plaintiff's Released Persons; or (b) is or may be deemed to be or may be offered, attempted to be offered or used in any way by the Parties as a presumption, a concession or an admission of, or evidence of, any fault, omission, wrongdoing or liability of any of the Parties, Plaintiff's Counsel, Defendants' Counsel, Defendants' Released Persons or Plaintiff's Released Persons in any civil, criminal, or administrative proceeding in any court, administrative agency, or other tribunal; (c) is intended to be offered or received as evidence or used by any other Person in any other action or proceedings, whether civil, criminal, or administrative agency, or other tribunal. The Parties, Plaintiff's Counsel, Defendants' Counsel, Defendants' Released Persons and Plaintiff's Released Persons may file the Stipulation and/or the Final Order and Judgment in any action that may be brought against them in order to support a defense or counterclaim based on principles of *res judicata*, collateral estoppel, release, good-faith settlement, judgment bar or reduction, or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim.

14.     The Court reserves the right to adjourn the date of the Settlement Hearing or modify any other dates set forth herein without further notice to NJR Shareholders, and retains jurisdiction to consider all further applications arising out of or connected with the Settlement. The Court may approve the Settlement, with such modifications as may be agreed to by the Parties, if appropriate, without further notice to NJR Shareholders.

IT IS SO ORDERED.


DATED: _____        _____
                                      HONORABLE ANNE E. THOMPSON
                                      UNITED STATES DISTRICT JUDGE

# EXHIBIT D

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| JUSTIN HOLLAND, individually and on behalf of all others similarly situated, | |
| **Plaintiff,** | **Case No. 3:12-cv-07858-PGS-LHG** |
| **v.** | |
| NEW JERSEY RESOURCES CORPORATION, LAURENCE M. DOWNES, LAWRENCE R. CODEY, ROBERT B. EVANS, ALFRED C. KOEPPE, SHARON C. TAYLOR, JANE M. KENNY, DAVID A. TRICE, DONALD L. CORRELL, M. WILLAM HOWARD, JR., J. TERRY STRANGE, and GEORGE R. ZOFFINGER, | |
| **Defendants.** | |

## [PROPOSED] FINAL ORDER AND JUDGMENT

This matter came before the Court for hearing pursuant to the Court's Order Preliminarily Approving Derivative Settlement and Providing for Notice, dated _____, 2013 (the "Preliminary Approval Order"), on the application of the Parties for final approval of the settlement set forth in the Stipulation and Agreement of Settlement dated November  25, 2013 (the "Stipulation").  Due and adequate notice having been given to NJR Shareholders as required in said Preliminary Approval Order, and the Court having considered all papers filed and proceedings had herein and otherwise being fully informed in the premises and good cause appearing therefore, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that:

1.     This Final Order and Judgment incorporates by reference the definitions in the Stipulation, and all capitalized terms used herein shall have the same meanings as set forth in the Stipulation.

2.      This Court has jurisdiction over the Action, including all matters necessary to effectuate the Settlement including the determination of the Fee Award, and over all Parties.

3.      The Court finds that the Settlement set forth in the Stipulation is fair, reasonable, and adequate as to each of the Parties, and hereby finally approves the Settlement in all respects, finds that the Settlement set forth in the Stipulation provides substantial benefits to NJR and NJR Shareholders, and orders the Parties to perform its terms to the extent the Parties have not already done so.

4.      All claims that have been or could have been asserted in the Action and Plaintiff's Released Claims are hereby ordered as compromised, settled, released, discharged and dismissed on the merits and with prejudice by virtue of the proceedings herein and this Final Order and Judgment.  As among Plaintiff, NJR, and the Individual Defendants, the Parties are to bear their own costs, except as otherwise provided in the Stipulation.

5.      Plaintiff, Plaintiff's Released Persons, and NJR Shareholders and anyone acting on behalf of NJR are forever enjoined and permanently barred from instituting, commencing or prosecuting against Defendants and/or Defendants' Released Persons any of Plaintiff's Released Claims, as well as any claims arising out of, relating to or in connection with the institution, prosecution, assertion, defense, settlement, or resolution of the Action (other than claims for failure to comply with this Order, including performing remaining terms of the Stipulation).

6.      Defendants and Defendants' Released Persons are forever enjoined and permanently barred from instituting, commencing or prosecuting against Plaintiff and/or Plaintiff's Released Persons any of Defendants' Released Claims, as well as any claims arising out of, relating to, or in connection with the institution, prosecution, assertion, defense, settlement, or resolution of the Action (other than claims for failure to comply with this Order, including performing remaining terms of the Stipulation).

7.     Upon the Effective Date, Plaintiff's Released Persons, NJR, Plaintiff, and NJR Shareholders shall be deemed to have, and by operation of this Final Order and Judgment shall have, fully, finally, and forever released, waived, relinquished, discharged and dismissed as against Defendants' Released Persons any and all of Plaintiff's Released Claims.

8.     Upon the Effective Date, Defendants' Released Persons shall be deemed to have, and by operation of this Final Order and Judgment shall have, fully, finally, and forever released, waived, relinquished, discharged and dismissed as against Plaintiff's Released Persons any and all of Defendants' Released Claims.

9.     The Court finds that the Notice to NJR Shareholders posted on the websites of Levi & Korsinsky LLP and NJR, and filed by NJR with the U.S. Securities and Exchange Commission via a Current Report on Form 8-K, provided the best notice practicable under the circumstances of these proceedings and of the matters set forth therein, including the Settlement set forth in the Stipulation, to all Persons entitled to such notice, and said Notice fully satisfied the requirements of Federal Rule of Civil Procedure 23.1 and the requirements of due process.

10.     The Court finds that the Fee Award and Incentive Award are fair and reasonable, in accordance with the Stipulation, and finally approves payment of the Fee Award and Incentive Award.

11.     Neither the Stipulation (including any exhibit attached thereto) nor the Settlement, nor any act performed or document executed pursuant to or in furtherance of the Stipulation or the Settlement: (a) is or may be deemed to be or may be offered, attempted to be offered or used in any way by the Parties as a presumption, a concession or an admission of, or evidence of, the validity of any of Plaintiff's Released Claims, or of any fault, wrongdoing or liability of the Parties, Plaintiff's Counsel, Defendants' Counsel, Defendants' Released Persons or Plaintiff's Released Persons; or (b) is or may be deemed to be or may be offered, attempted to be offered or

used in any way by the Parties as a presumption, a concession or an admission of, or evidence of, any fault, omission, wrongdoing or liability of any of the Parties, Plaintiff's Counsel, Defendants' Counsel, Defendants' Released Persons or Plaintiff's Released Persons in any civil, criminal, or administrative proceeding in any court, administrative agency, or other tribunal; (c) is intended to be offered or received as evidence or used by any other Person in any other actions or proceedings, whether civil, criminal, or administrative agency, or other tribunal.  The Parties, Plaintiff's Counsel, Defendants' Counsel, Defendants' Released Persons and Plaintiff's Released Persons may file the Stipulation and/or the Final Order and Judgment in any action that may be brought against them in order to support a defense or counterclaim based on principles of *res judicata*, collateral estoppel, release, good-faith settlement, judgment bar or reduction, or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim.

12.    Without affecting the finality of this Final Order and Judgment in any way, this Court hereby retains continuing jurisdiction over: (a) implementation of the Settlement; and (b) the Parties for the purpose of construing, enforcing, and administering the Stipulation, including, if necessary, setting aside and vacating this Final Order and Judgment, on motion of a Party, to the extent consistent with and in accordance with the Stipulation if the Effective Date fails to occur in accordance with the Stipulation.

13.    This Final Order and Judgment is a final, appealable judgment and should be entered forthwith by the Clerk in accordance with Federal Rule of Civil Procedure 58.

IT IS SO ORDERED.

DATED:_____                    _____
                                             HONORABLE ANNE E. THOMPSON
                                             UNITED STATES DISTRICT JUDGE