Eduard Korsinsky
Michael H. Rosner
LEVI & KORSINSKY LLP
30 Broad Street
New York, NY 10004
Tel: (212) 363-7500
Fax: (866) 367-6510
*Attorneys for Plaintiff*

| | |
|---|---|
| JUSTIN HOLLAND, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>NEW JERSEY RESOURCES CORPORATION, LAURENCE M. DOWNES, LAWRENCE R. CODEY, ROBERT B. EVANS, ALFRED C. KOEPPE, SHARON C. TAYLOR, JANE M. KENNY, DAVID A. TRICE, DONALD L. CORRELL, M. WILLAM HOWARD, JR., J. TERRY STRANGE, and GEORGE R. ZOFFINGER,<br><br>Defendants. | Case No. 3:12-cv-07858-AET-LHG<br><br>Return Date: January 28, 2014<br><br>**NOTICE OF MOTION FOR INCENTIVE AWARD TO PLAINTIFF IN CONNECTION WITH FINAL SETTLEMENT APPROVAL**<br><br>**Document Electronically Filed** |

PLEASE TAKE NOTICE that, pursuant to the schedule set forth in the December 9, 2013 Preliminary Approval Order, on January 28, 2014, at 9:00 a.m., Plaintiff, Justin Holland ("Plaintiff"), through his attorneys, Levi & Korsinsky LLP (Michael H. Rosner, Esq., appearing), will move before the Honorable Anne E. Thompson, U.S.D.J., United States District Court for the District of New Jersey, Clarkson S. Fisher Federal Building & U.S. Courthouse, Courtroom 4W, 402 East State Street, Trenton, NJ 08608, for final approval of an incentive award to Plaintiff in the amount of $2,000, to be funded entirely from the agreed-upon Fee Award to Plaintiff's Counsel, to be effectuated through entry of the proposed Form of Order submitted

jointly by the parties today, pursuant to Federal Rule of Civil Procedure 23.1(c), for Final Approval of the Stipulation and Agreement of Settlement, executed on November 25, 2013 (the "Stipulation" [ECF 48-2]).[1]

PLEASE TAKE FURTHER NOTICE that in support of this motion, Plaintiff will rely upon the joint letter brief submitted today for Final Approval of the Settlement, which Plaintiff hereby incorporates by reference, and such additional papers, evidence or arguments as may be presented to the Court in support of the motion. Plaintiff further states the following in support of this motion:

This motion for an incentive award is pursuant to the Stipulation which provides that, "In light of the substantial benefits Plaintiff has created for NJR and all NJR Shareholders, Plaintiff will apply for a Court-approved incentive award in the amount of $2,000 (the "Incentive Award")." (Stipulation § 5.6.) The Incentive Award is to "be funded entirely from, and not be in addition to, the Fee Award." Id. Plaintiff submits that the nominal Incentive Award should be approved in light of the undisputedly substantial material benefits that Mr. Holland has created for NJR and all NJR Stockholders.

There is a long history of Federal cases which authorize incentive awards for representative plaintiffs in stockholder actions. See, e.g, Denney v. Jenkens & Gilchrist, 2005 WL 388562, at *31 (S.D.N.Y. Feb. 18, 2005) (based on the common law's recognition of the important policy role that plaintiffs play in representative actions); In re Dun & Bradstreet Credit Servs. Customer Litig., 130 F.R.D. 366, 374 (S.D. Ohio 1990) (awarding two class representatives $55,000 each and three class representatives $35,000 each). This is because

---

[1] Capitalized terms herein have the same meaning as in the Stipulation.

2

"[s]uch enforcement is vital because if there were no individual shareholders willing to step forward and pursue a claim on behalf of other investors, many violations of law might go unprosecuted." In re Xcel Energy, Inc., 364 F. Supp. 2d 980, 1000 (D. Minn. 2005).

The proposed Incentive Award is modest when compared with incentive awards approved by other federal courts, see, e.g., In re Remeron EndPayor, 2005 WL 2230314, at *32 (D.N.J. 2005) (approving awards of $30,000 to both of the named plaintiffs); In re Cendant Corp. Deriv. Litig., 232 F. Supp. 2d 327 (D.N.J. 2002) (approving award of $25,000 to the lead plaintiff), as well as modest in comparison to incentive awards approved by Delaware courts, see, e.g., Raider v. Sunderland, 2006 WL 75310, *1 (Del. Ch. Jan. 5, 2006) (observing that incentive awards are justified both in Delaware and in federal courts, awarding plaintiff an incentive award in the amount of $42,400, and noting that Delaware courts have previously approved individual incentive awards as high as $65,000 and $95,000). Given that Mr. Holland has conferred substantial benefits on NJR and all of its shareholders by prosecuting the litigation, making a demand upon the NJR Board of Directors, and ultimately reaching a settlement that further materially benefits the Company and its shareholders, an incentive award of $2,000 is well warranted.

For the foregoing reasons, Plaintiff respectfully requests that the Incentive Award be approved.

Dated: December 31, 2013

LEVI & KORSINSKY LLP
Attorneys for Plaintiff

BY: *[signature]*
MICHAEL H. ROSNER

3