UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| JUSTIN HOLLAND, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>NEW JERSEY RESOURCES CORPORATION, LAURENCE M. DOWNES, LAWRENCE R. CODEY, ROBERT B. EVANS, ALFRED C. KOEPPE, SHARON C. TAYLOR, JANE M. KENNY, DAVID A. TRICE, DONALD L. CORRELL, M. WILLAM HOWARD, JR., J. TERRY STRANGE, and GEORGE R. ZOFFINGER,<br><br>Defendants. | Case No. 3:12-cv-07858-PGS-LHG<br><br>RECEIVED<br><br>JAN 29 2014<br><br>AT 8:30 _____ M<br>WILLIAM T. WALSH CLERK |

[~~PROPOSED~~] FINAL ORDER AND JUDGMENT

This matter came before the Court for hearing pursuant to the Court's Order Preliminarily Approving Derivative Settlement and Providing for Notice, dated December 9, 2013 (the "Preliminary Approval Order"), on the application of the Parties for final approval of the settlement set forth in the Stipulation and Agreement of Settlement dated November 25, 2013 (the "Stipulation"). Due and adequate notice having been given to NJR Shareholders as required in said Preliminary Approval Order, and the Court having considered all papers filed and proceedings had herein and otherwise being fully informed in the premises and good cause appearing therefore, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that:

1. This Final Order and Judgment incorporates by reference the definitions in the Stipulation, and all capitalized terms used herein shall have the same meanings as set forth in the Stipulation.

2. This Court has jurisdiction over the Action, including all matters necessary to effectuate the Settlement including the determination of the Fee Award, and over all Parties.

3. The Court finds that the Settlement set forth in the Stipulation is fair, reasonable, and adequate as to each of the Parties, and hereby finally approves the Settlement in all respects, finds that the Settlement set forth in the Stipulation provides substantial benefits to NJR and NJR Shareholders, and orders the Parties to perform its terms to the extent the Parties have not already done so.

4. All claims that have been or could have been asserted in the Action and Plaintiff's Released Claims are hereby ordered as compromised, settled, released, discharged and dismissed on the merits and with prejudice by virtue of the proceedings herein and this Final Order and Judgment. As among Plaintiff, NJR, and the Individual Defendants, the Parties are to bear their own costs, except as otherwise provided in the Stipulation.

5. Plaintiff, Plaintiff's Released Persons, and NJR Shareholders and anyone acting on behalf of NJR are forever enjoined and permanently barred from instituting, commencing or prosecuting against Defendants and/or Defendants' Released Persons any of Plaintiff's Released Claims, as well as any claims arising out of, relating to or in connection with the institution, prosecution, assertion, defense, settlement, or resolution of the Action (other than claims for failure to comply with this Order, including performing remaining terms of the Stipulation).

6. Defendants and Defendants' Released Persons are forever enjoined and permanently barred from instituting, commencing or prosecuting against Plaintiff and/or Plaintiff's Released Persons any of Defendants' Released Claims, as well as any claims arising out of, relating to, or in connection with the institution, prosecution, assertion, defense, settlement, or resolution of the Action (other than claims for failure to comply with this Order, including performing remaining terms of the Stipulation).

7. Upon the Effective Date, Plaintiff's Released Persons, NJR, Plaintiff, and NJR Shareholders shall be deemed to have, and by operation of this Final Order and Judgment shall have, fully, finally, and forever released, waived, relinquished, discharged and dismissed as against Defendants' Released Persons any and all of Plaintiff's Released Claims.

8. Upon the Effective Date, Defendants' Released Persons shall be deemed to have, and by operation of this Final Order and Judgment shall have, fully, finally, and forever released, waived, relinquished, discharged and dismissed as against Plaintiff's Released Persons any and all of Defendants' Released Claims.

9. The Court finds that the Notice to NJR Shareholders posted on the websites of Levi & Korsinsky LLP and NJR, and filed by NJR with the U.S. Securities and Exchange Commission via a Current Report on Form 8-K, provided the best notice practicable under the circumstances of these proceedings and of the matters set forth therein, including the Settlement set forth in the Stipulation, to all Persons entitled to such notice, and said Notice fully satisfied the requirements of Federal Rule of Civil Procedure 23.1 and the requirements of due process.

10. The Court finds that the Fee Award and Incentive Award are fair and reasonable, in accordance with the Stipulation, and finally approves payment of the Fee Award and Incentive Award.

11. Neither the Stipulation (including any exhibit attached thereto) nor the Settlement, nor any act performed or document executed pursuant to or in furtherance of the Stipulation or the Settlement: (a) is or may be deemed to be or may be offered, attempted to be offered or used in any way by the Parties as a presumption, a concession or an admission of, or evidence of, the validity of any of Plaintiff's Released Claims, or of any fault, wrongdoing or liability of the Parties, Plaintiff's Counsel, Defendants' Counsel, Defendants' Released Persons or Plaintiff's Released Persons; or (b) is or may be deemed to be or may be offered, attempted to be offered or

used in any way by the Parties as a presumption, a concession or an admission of, or evidence of, any fault, omission, wrongdoing or liability of any of the Parties, Plaintiff's Counsel, Defendants' Counsel, Defendants' Released Persons or Plaintiff's Released Persons in any civil, criminal, or administrative proceeding in any court, administrative agency, or other tribunal; (c) is intended to be offered or received as evidence or used by any other Person in any other actions or proceedings, whether civil, criminal, or administrative agency, or other tribunal. The Parties, Plaintiff's Counsel, Defendants' Counsel, Defendants' Released Persons and Plaintiff's Released Persons may file the Stipulation and/or the Final Order and Judgment in any action that may be brought against them in order to support a defense or counterclaim based on principles of *res judicata*, collateral estoppel, release, good-faith settlement, judgment bar or reduction, or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim.

12. Without affecting the finality of this Final Order and Judgment in any way, this Court hereby retains continuing jurisdiction over: (a) implementation of the Settlement; and (b) the Parties for the purpose of construing, enforcing, and administering the Stipulation, including, if necessary, setting aside and vacating this Final Order and Judgment, on motion of a Party, to the extent consistent with and in accordance with the Stipulation if the Effective Date fails to occur in accordance with the Stipulation.

13. This Final Order and Judgment is a final, appealable judgment and should be entered forthwith by the Clerk in accordance with Federal Rule of Civil Procedure 58.

IT IS SO ORDERED.

DATED: 1/28/14

HONORABLE ANNE E. THOMPSON
UNITED STATES DISTRICT JUDGE